COPY

1  René L. Barge – State Bar No. 182317
   Gregory G. Petersen – State Bar No. 77744
2  Katherine J. Odenbreit – State Bar No. 184619
   **BARGE, PETERSEN & ODENBREIT LLP**
3  18301 Von Karman Avenue, Suite 330
   Irvine, California 92612
4  Telephone:  949-335-3500
   Facsimile:  949-313-7849
5  rbarge@bpolawyers.com
   greg@bpolawyers.com
6  kodenbreit@bpolawyers.com

7  Attorneys for Plaintiffs DALAL ABEDRABO, STEPHEN CORONADO,
   SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H.
8  KAKAR

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

11

12  DALAL ABEDRABO, STEPHEN          )  Case No.  **SACV11-01388    MLG**
    CORONADO, SHANTAL CORRAL,        )
13  DAVID FLORES, BRIAN HICKS and    )  **COMPLAINT FOR DAMAGES**
    ABDUL H. KAKAR,                  )  **AND DEMAND FOR TRIAL BY**
14                                   )  **JURY**
          Plaintiff,                 )
15                                   )
          vs.                        )
16                                   )
    AT&T MOBILITY LLC, a Delaware    )
17  Limited Liability Company; AT&T  )
    INC., a Delaware Corporation; AT&T )
18  CORP., a New York Corporation;   )
    AT&T MOBILITY WIRELESS           )
19  OPERATIONS HOLDINGS, INC., a     )
    Delaware Corporation and DOES 1-10, )
20                                   )
          Defendants.                )
21  _____ )

22

23              **NATURE OF THE ACTION**

24      1.    Plaintiffs DALAL ABEDRABO, STEPHEN CORONADO,

25  SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H.

26  KAKAR are current and former employees of the Defendants who elect to opt into

27  this action pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 216(b),

28  that they are: (i) entitled to unpaid wages from defendants AT&T MOBILITY LLC

                              1
                         COMPLAINT

1  ("AT&T Mobility"), AT&T INC., AT&T CORP.(AT&T Mobility, AT&T Inc. and

2  AT&T Corp. are collectively referred to herein as "AT&T" or the "Corporate

3  Defendants") and DOES # 1-10 (the "Individual Defendants" and, collectively with

4  AT&T, the "Defendants") for work performed for which they received no

5  compensation at all; (ii) unpaid wages for overtime work for which they did not

6  receive overtime premium pay, as required by law, and (iii) entitled to liquidated

7  damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 el *seq.*

8  **JURISDICTION, VENUE AND JOINDER**

9      2.      This action arises under 29 U.S.C. §216(b), the Fair Labor Standards

10  Act ("FLSA").  This Court has subject matter jurisdiction over this matter pursuant

11  to 28 U.S.C. §§ 1331 and 1337.  In addition, the Court has jurisdiction over

12  Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13      3.      The Central District of California, Southern Division has personal

14  jurisdiction over the parties in this matter.  Plaintiffs DALAL ABEDRABO,

15  STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN

16  HICKS and ABDUL H. KAKAR are, and at all relevant times were, citizens of the

17  State of California.  Defendants AT&T MOBILITY LLC, a Delaware Limited

18  Liability Company; AT&T INC., a Delaware Corporation; AT&T CORP., a New

19  York Corporation; AT&T MOBILITY WIRELESS OPERATIONS HOLDINGS,

20  INC., a Delaware Corporation (collectively referred to as "AT&T" or

21  "Defendants"), operate in California, including in Orange County, and are registered

22  as business entities engaged in commerce within the State of California with the

23  California Secretary of State.  Defendants are qualified to do business in California,

24  have directors, officers and employees who reside in California, and have contracted

25  with individuals in California for marketing, production, sales, distribution, and

26  servicing of their wireless and mobile phone products.  Defendants have mailing

27  addresses at their retail stores throughout California, including stores in Orange

28  County, which have employed Plaintiffs DALAL ABEDRABO, STEPHEN

1  CORONADO, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR.

2  Plaintiffs SHANTAL CORRAL and STEPHEN CORONADO worked for

3  Defendants in the State of California at all relevant times herein. Additionally,

4  Defendants have marketed their mobile phone and wireless services to California

5  customers at retail stores throughout the state. The acts and omissions which are

6  outlined in this Complaint, took place within the state of California.

7        4.      Venue is proper in this district as Defendants have sufficient contacts

8  with the State of California and the County of Orange sufficient to subject them to

9  personal jurisdiction in this district pursuant to 28 U.S.C. §1391( c).

10       5.      This Court is empowered to issue a declaratory judgment pursuant to

11  28 U.S.C. §§ 2201 and 2202.

12       6.      Joinder of all Plaintiffs in a single action is proper pursuant to Federal

13  Rule of Civil Procedure 20(a)(1)(A) and (B).

14                          **THE PARTIES**

15       7.      Plaintiff DALAL ABEDRABO ("Abedrabo") was, at all relevant

16  times, an adult individual, residing in Anaheim, California, County of Orange,

17  which is located within the jurisdiction of the Central District of California,

18  Southern Division. Abedrabo was an employee, as defined by 29 U.S.C. §203(e) of

19  Defendants. Abedrabo is a former Sales Representative employee of Defendants

20  and regularly worked more than 40 hours per week for which he believes he was not

21  paid overtime wages.

22       8.      Plaintiff STEPHEN CORONADO ("Coronado") was, at all relevant

23  times, an adult individual, residing in California, County of Orange, which is located

24  within the jurisdiction of the Central District of California, Southern Division.

25  Currently Coronado is a resident of Sevierville, Tennessee. Coronado was an

26  employee, as defined by 29 U.S.C. §203(e) of Defendants. Coronado is a former

27  Retail Sales employee of Defendants and regularly worked more than 40 hours per

28  week for which he believes he was not paid overtime wages.

1      9.    Plaintiff DAVID FLORES ("Flores") was, at all relevant times, an

2   adult individual, residing in Anaheim, California, County of Orange, which is

3   located within the jurisdiction of the Central District of California, Southern

4   Division.  Flores was an employee, as defined by 29 U.S.C. §203(e) of Defendants.

5   Flores is a former Sales Representative employee of Defendants and regularly

6   worked more than 40 hours per week for which he believes he was not paid

7   overtime wages.

8      10.   Plaintiff BRIAN HICKS ("Hicks") was, at all relevant times, an adult

9   individual, residing in Yorba Linda, California, County of Orange, which is located

10  within the jurisdiction of the Central District of California, Southern Division.

11  Hicks was an employee, as defined by 29 U.S.C. §203(e) of Defendants.  Hicks is a

12  former Sales Representative employee of Defendants and regularly worked more

13  than 40 hours per week for which he believes he was not paid overtime wages.

14     11.   Plaintiff ADBUL H. KAKAR ("Kakar") was, at all relevant times, an

15  adult individual, residing in Lake Forest, California, County of Orange, which is

16  located within the jurisdiction of the Central District of California, Southern

17  Division.  Kakar was an employee, as defined by 29 U.S.C. §203(e) of Defendants.

18  Kakar is a former Retail Sales Cons employee of Defendants and regularly worked

19  more than 40 hours per week for which he believes he was not paid overtime wages.

20     12.   Plaintiff SHANTAL CORRAL ("Corral") was, at all relevant times, an

21  adult individual, residing in San Leandro, California.  Corral was an employee, as

22  defined by 29 U.S.C. §203(e) of Defendants.  Corral is a former Retail Sales Cons

23  employee of Defendants and regularly worked more than 40 hours per week for

24  which she believes she was not paid overtime wages.

25     13.   Upon information and belief, Defendant AT&T Mobility is a foreign

26  corporation authorized to do business within the State of New York with operating

27  facilities in this district and throughout the United States.

28     14.   Upon information and belief, Defendant AT&T Inc. is a foreign

1 | corporation doing business within this district and throughout the United States.

2 |     15.    Upon information and belief, Defendant AT&T Corp. is a New York
3 | corporation authorized to do business within the State of New York with operating
4 | facilities within this district and throughout the United States.

5 |     16.    Upon information and belief, Does #1-10 represent the officers,
6 | directors and/or managing agents of the Corporate Defendants, whose identities are
7 | unknown at this time and who participated in the day-to-day operations of the
8 | Corporate Defendants and acted intentionally and maliciously and are "employers"
9 | pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder,
10 | 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations
11 | thereunder and are jointly and severally liable with the Corporate Defendants.

12 | **STATEMENT OF FACTS**

13 |     17.    Defendant AT&T Mobility LLC ("AT&T Mobility") is the wholly
14 | owned wireless subsidiary of Defendant AT&T Inc. and is the successor to
15 | Cingular. AT&T Mobility is the largest mobile phone company in the country, if not
16 | the world, with approximately 74.9 million U.S. subscribers. AT&T Mobility owns
17 | and/or operates approximately 1,800 wireless stores in more than 1,100 cities across
18 | the U.S., most all of which have at least one if not more assistant managers along
19 | with other nonexempt employees who are required to work over forty hours per
20 | week for which they are not paid overtime compensation as required by the FLSA.

21 |     18.    Plaintiffs were employed by AT&T in various sales positions in AT&T
22 | stores in the County of Orange and throughout California.  Throughout the relevant
23 | time period, Plaintiffs were provided with an AT&T Blackberry and/or wireless
24 | telephone and were required to review and respond to AT&T work related emails
25 | and text messages at all hours of the day, whether or not they were punched into
26 | AT&T's computer-based timecard system. Plaintiffs were also required to take and
27 | place telephone calls to other AT&T personnel and customers relating to store
28 | staffing, sales, discounting of merchandise, customer satisfaction concerns and other

1   AT&T business concerns. Plaintiffs were required to participate on frequent

2   conference calls which were held outside of her normally scheduled business hours

3   (during which they were not "punched-in" to the AT&T timesheet program) and

4   they were often required to work while they were "punched out" for lunch and to

5   perform other work for AT&T outside their normal forty (40) hour work week, for

6   which they were not paid any compensation.

7       19.    In addition to requiring plaintiffs to review and respond to emails and

8   texts, to take and place telephone calls and to participate on conference calls,

9   plaintiffs were also required to review voluminous corporate and product

10  information and to prepare for special events, such as the launch of each generation

11  of the iPhone and to perform general work for Defendants. Plaintiffs were required

12  to perform much of this work outside of their normally-scheduled work hours and

13  they received no compensation for the hours that they worked for Defendants over

14  forty-hours per week.

15      20.    While Plaintiffs were classified as a non-exempt hourly employees,

16  they were typically required to spend 10-15 hours per week reviewing and

17  responding to email, texts, phone calls, participating on conference calls,

18  studying/reviewing product information and corporate policies and performing other

19  work for Defendants for which they were not paid any compensation.

20      21.    Throughout the relevant time period, Plaintiffs were required to

21  respond to emails, texts, phone calls, participate on conference calls and to review

22  AT&T materials on their days off of work and at times that they were not "punched

23  in" to the AT&T timesheet program. Because they were not punched into the

24  timesheet program, Plaintiffs did not receive regular wages or overtime

25  compensation for work performed.

26      22.    Plaintiffs were informed by Defendants' management employees that

27  they had to accept working the extra hours as this was a part of AT&T's standard

28  business practices and that they were not allowed to put in for overtime for such

1 | work performed outside of regularly scheduled business hours.

2 |      23.    Throughout the relevant period, Plaintiffs frequently were required to
3 | pick up lunch and immediately return to the AT&T store and continued to work
4 | throughout their "lunch break," notwithstanding the fact that Defendants required
5 | them and/or their managers to record a 30 minute "lunch period" on their time
6 | records, resulting in Plaintiffs not being paid for time worked during lunch breaks.

7 |      24.    Plaintiffs were required to work for Defendants well in excess of forty
8 | (40) hours per week, frequently requiring Plaintiffs to work from ten to twenty (10-
9 | 20) hours of overtime per week without any additional regular or overtime
10 | compensation.

11 |      25.    Plaintiffs' work was performed in the normal course of the Defendants'
12 | business and was integrated into the business of Defendants.  The work performed
13 | by Plaintiffs required little skill and no capital investment.

14 |      26.    Plaintiffs did not supervise other employees and their job duties did not
15 | include managerial responsibilities or the exercise of independent business
16 | judgment.

17 |      27.    Plaintiffs often worked in excess of 40 hours a week, yet the
18 | Defendants willfully failed to pay Plaintiff's compensation for hours worked in
19 | excess of forty hours per week, including overtime compensation of one and one-
20 | half times her regular hourly rate in violation of the FLSA.

21 |      28.    Throughout all relevant time periods, upon information and belief, and
22 | during the course of Plaintiffs' own employment, while Defendants employed
23 | Plaintiffs, the Defendants failed to maintain accurate and sufficient time records to
24 | reflect all of the hours that Plaintiffs worked.

25 | **FIRST CAUSE OF ACTION**
26 | **(FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, _et seq._)**

27 |      29.    Plaintiffs, collectively and individually, hereby re-allege and
28 | incorporate by reference paragraphs 1-27 as though fully set forth herein.

1    30.   At all relevant times Defendants have been and continue to be an

2    employer engaged in interstate commerce and/or the production of goods for

3    commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

4    31.   At all relevant times, Defendants employed, and/or continues to

5    employ, Plaintiffs within the meaning of the FLSA.

6    32.   Upon information and belief, at all relevant times, the Corporate

7    Defendants have had gross revenues well in excess of $500,000.00.

8    33.   The FLSA requires each covered employer, such as Defendants, to

9    compensate all non-exempt employees at a rate of not less than one and one-half

10   times the regular rate of pay for all work performed in excess of forth (40) hours per

11   week.

12   34.   At all relevant times, the Defendants had a policy and practice of

13   refusing to pay wages for all hours worked as well as overtime compensation to its

14   employees for their hours worked in excess of forty hours per workweek.

15   35.   Plaintiffs are entitled to be paid overtime compensation for all overtime

16   hours worked.

17   36.   As a result of the Defendants' willful failure to compensate its

18   employees, including Plaintiffs, at a rate not less than one and one-half times the

19   regular rate of pay for work performed in excess of forty hours in a workweek, the

20   Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *el*

21   *seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

22   37.   As a result of the Defendants' failure to record, report, credit and/or

23   compensate its employees, including Plaintiffs, Defendants have failed to make,

24   keep and preserve records with respect to each of its employees sufficient to

25   determine the wages, hours and other conditions and practices of employment in

26   violation of the FLSA, 29 U.S.C. §§ 201, *el seq.,* including 29 U.S.C. §§ 211(c) and

27   215(a).

28   38.   The foregoing conduct, as alleged, constitutes a willful violation of the

1  FLSA within the meaning of 29 U.S.C. § 255(a).

2     39.   Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and

3  the Collective Action members, are entitled to recover from Defendants their unpaid

4  wages and overtime compensation, an additional amount equal as liquidated

5  damages, additional liquidated damages for unreasonably delayed payment of

6  wages, reasonable attorneys' fees and costs and disbursements of this action,

7  pursuant to 29 U.S.C. § 216(b).

8                        **PRAYER FOR RELIEF**

9     40.   Wherefore, Plaintiffs, individually, respectfully request that this Court

10  grant the following relief:

11       a.  An order tolling the statute of limitations;

12       b.  A declaratory judgment that the practices complained of herein are

13            unlawful under the FLSA;

14       c.  Appropriate equitable and injunctive relief to remedy Defendants'

15            violations of federal law, including but not necessarily limited to an

16            order enjoining Defendants from continuing their unlawful practices;

17       d.  An award of unpaid minimum wages, wages for all hours worked and

18            overtime compensation due under the FLSA;

19       e.  An award of liquidated and/or punitive damages as a result of the

20            Defendants' willful failure to pay for all hours worked as well as

21            overtime compensation pursuant to 29 U.S.C. § 216;

22       f.  An award of prejudgment and post-judgment interest;

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

g.  An award of costs and expenses of this action together with reasonable attorneys' fees under all applicable statutes, and;

h.  Such other and further relief as this Court deems just and proper.

DATED:  September 9, 2011

Katherine J. Odenbreit
kodenbreit@bpolawyers.com
Barge, Petersen & Odenbreit LLP
18301 Von Karman Avenue, Suite 330
Irvine, CA  92612
Attorneys for Plaintiffs DALAL
ABEDRABO, STEPHEN CORONADO,
SHANTAL CORRAL, DAVID FLORES,
BRIAN HICKS and ABDUL H. KAKAR

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:  September 9, 2011                    Respectfully submitted,


Katherine J. Odenbreit
kodenbreit@bpolawyers.com
Barge, Petersen & Odenbreit LLP
18301 Von Karman Avenue, Suite 330
Irvine, CA  92612
Attorneys for Plaintiffs DALAL
ABEDRABO, STEPHEN CORONADO,
SHANTAL CORRAL, DAVID FLORES,
BRIAN HICKS and ABDUL H. KAKAR

Name & Address: Rene L. Barge-SBN 182317
Gregory G. Petersen-SBN 77744
Katherine J. Odenbreit-SBN 184619
BARGE PETERSEN & ODENBREIT LLP
18301 Von Karman Avenue, Suite 330
Irvine, California 92612

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DALAL ABEDRABO, STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR, PLAINTIFF(S) | CASE NUMBER |
|---|---|
| v. | **SACV11-01388   MLG** |
| AT&T MOBILITY LLC, a Delaware Limited Liability Company; AT&T, INC., a Delaware Corporation; AT&T CORP., a New York Corporation; AT&T MOBILITY WIRELESS OPERATIONS HOLDINGS, INC., a Delaware Corporation and DOES 1-10, DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Katherine J. Odenbreit_____, whose address is _18301 Von Karman Avenue, Suite 330, Irvine, California 92612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:   **SEP 1 2 2011**

Clerk, U.S. District Court

By: _ROLLS ROYCE PASCHAL_
Deputy Clerk
1144

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) DALAL ABEDRABO, STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR | DEFENDANTS AT&T MOBILITY LLC, et al. |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) BARGE, PETERSEN & ODENBREIT LLP 18301 Von Karman Avenue, Suite 330 Irvine, California 92612 (949) 335-3500 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV11-01388    MLG**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐     Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Sevier , Tennessee; Alamenda, California |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐     Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware, New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Mathieu Obredson_     Date ___9/9/2011___

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |