FILED

2012 MAR 16 PM 3:41

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE

BY:

Gregory G. Petersen, Esq., SBN 77744
petersen@huntortmann.com
Omel A. Nieves, Esq., SBN 134444
nieves@huntortmann.com
Katherine J. Odenbreit, Esq., SBN 184619
odenbreit@huntortmann.com
Alison Gibbs, Esq., SBN 257526
gibbs@huntortmann.com
HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 Von Karman Avenue, Suite 330
Irvine, California 92612
Phone: 949-335-3500 Fax: 949-251-5111

Attorneys for Plaintiffs DALAL ABEDRABO (also known as Dalal Abuzayyad), STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel. 949-335-3500 • Fax 714-251-5111

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DALAL ABEDRABO, STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR, RONALD ACERO, MIGUEL ALVARADO, RAYMOND AMADSO, MARJAN AMIRIDAVANI, JEFFREY AMO, DAVID ANAYA, TONNY ANDES, BRYAN ANDRADE, NII OBLIE ARDAYFIO, FRED ASSI, JACOB BELMONTES, RAFAEL BERRIOS, CASEY BLACK, BRYAN BLUMENSHINE, ARCHIE BOOKER, MARVELL BOWLES, CASEY BROWN, DAVID BULLOCK, MICHAEL BURKE, JEREMIE BUTLER, DAVID BUTLER JR., ELEXIS BUTTER, JASON CAMPOS, YOLANDA CARBAJAL, GERMAIN CARRENO, RYAN CASH, OLIVER CAYTON, LADELL CLARK, KEITH CLEMENTS, BRYAN COLEMAN, RY AN COLLINS, PHYLLIS CONWAY, DOMENICA CORONEL, MIRIAM COURTNEY, EBONY COVINGTON, KELLY COX, DEANNA D'ADDARIO, DORY DALLUGGE, DAVID DAVIS JR., JACQUELINE DE PUCCI, JUAN DELGADO, ARNOLD DIAZ, ALEX DALDO, MICHAEL DONG,

Case No. SACV 11-01388 VAP (OPx)

**CLASS ACTION**

**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

1. **Failure to Pay Regular, Overtime and Minimum Wages Pursuant to the Fair Labor Standards Action 29 U.S.C. §216'**
2. **Declaratory Relief**
3. **Accounting**

CHRISTINE DONGELL, MOHAMED ELHOSAINY, NASHWA ELKHATTA, RANI ELSAADI, RODNEY ESPINAL, GABRIEL ESTRADA, NICHOLAS FENNESSY, NOEMI FLORES, TERESA FLORES, CHARLES FONSECA, JERED FRIEDLAND, SHAUNA FROST, LESLIE FUENTES, JUAN M. GALLEGOS, TINA GAMBRELL, BETTY GARY, AMANDEEP GILL, CHARANPREET GILL, LOUIS GILSON, MIERAF GIRMA, CHRISTOPHER GOLDEN, ASHLEY GOMEZ, JIM GOMEZ, RYAN GONSALVES, RAYMOND GONZALES, JENNIFER GONZALEZ, CHRIS GRADO, KUMAYA GRANT, KELLY GRIFFIN, ANTHONY GUIDRY, HEATHER GUTIERREZ, YARA GUZMAN, ZULFIKHAR HAI, MAHRISSA HANSEN, STANLEY HANSEN, PAUL HANSEN-CUZICK, JASON G. HARRIS, ASIF HASSAN, ANDREW HEBENSTREIT, CHRISTOPHER HELDOORN, JANICE HEREDIA, JUAN HERNANDEZ, MICHAEL HERVILLA, KEVIN HO, LAM HOANG, DAVID HOBDY, AARON HODGES, EDIE HOGAN, PREVIN HOLLINGSWORTH, KAREN HOOK, KARL HORNE, LILLIAN HUANG, JONATHAN HUGGER, TAYLOR HUNT, BRIANA ISIDRO, JASON JACKSON, DANIEL JAMES, ELDRIDGE JOHNS, DANNIE JOHNSON, JEREMY JONES, MARCUS KAM, ERIK KARIBKHANYAN, HUY KIEU, KELLY KLOCKENTEGER, ADAM KOBI, JASON LAUTENSCHLEGER, BILLY LEI, SABRINA LEVENGOOD, MIGUEL LOPEZ, COLIN LOYD, DANIEL LUGIOYO, STEPHANIE LYNN, SUZETTE MAGGIORE, WASSIM MANAA, SHEENA MANIMTIM, CHRISTOPHER MANN, KURTIS MARTIN, CHRISTOPHER MARTINEZ, ELI MARTINEZ, MARIO MARTINEZ, CHRISTINA MATTHEWS, JAMIE MCKEE, KELLY MEDEIROS, ALBERTO MEDRANO, ANGELA MEISNER,

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

VERONICA MENDOZA, LISA MEYER, TIMOTHY MEYER, ALFREDO MIRANDA, HESSAM MOHAMMADI, JOHN MOLLE, MARCO MONTES, DENISE MORGAN, BRADLEY MOTON, MARC MYERSON, TENIKA NELSON, RHIANNON NIX, ANTHONY NYSER, PATRICK OLIVA, CUONG ONG, ARMANDO ORTIZ, VANESSA ORTIZ, SUREN PLAVJIAN, GRANT POGHOSYAN, ALFONSO QUINTERO, JONATHAN QUINTERO, KHURAM RAJA, VANESSA RAMIREZ, SUKHCHAIN RANDHAWA, JASON RATZLAFF, JASON REYES, JEREMY RICHARDSON, HECTOR RIVERA, JOSE RODRIGUEZ, DALEN ROLFE, THOMAS ROMERO, CESAR RUIZ, HAMZA SABHA, OMAR SABHA, MELISSA SALCIDO, RAFAEL SALGADO, NICHOLAS SANTOS, ARIE SATARI, WALTER SCHOONMAKER, ERIC SCHUERMANN, AARON SCHULMAN, TAMARA SCOTT, AMBER SEGURA, GUY S. SENDELSKY, ABDULLAH SERHAL, TREVOR SHUFF, MARILYN SIMEON, BILLY SIMMS, CATHERINE SIMS, MIAH SIMS, TANYA SLANKARD, TIFFANY SMITH, FLORDELIZ SPARKS, CHRISTOPHER STEPHENS, JASON STRAND, TOMMY STYLES, MICHAEL SULLIVAN, JUBEDA SULTANA, JONATHAN TAM, SCOTT TANIMOTO, ISAAC TANNER, PHUONG TONG, ASHLEY TORRES, MARIO TORRES, WENDY TRAMMER, JOYCE TRAVIS, JAMALA VAIL, RUBEN VALDEZ, LISA VALLE, KEVIN VINCENT, MICHAEL VISCARA, CHEUK WAN, DIANE WASSERMAN, TIMOTHY WHICKER, TRIVAIRE WILLIAMS, MARIA WILSON, MEGAN WILSON, FRAZIER WONG, BODIE WOOD, I'LA WYLIE, SHIRZAD YAMINI, MAHBOD ZARGAR, JESUS ZEPEDA, PHYLLIS CONWAY, DAISHA JIMINEZ, and LORI DEILY

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Plaintiffs,

vs.

AT&T MOBILITY SERVICES LLC, a Delaware Limited Liability Company and DOES 1-10,

Defendants.

## NATURE OF THE ACTION

1. Plaintiffs DALAL ABEDRABO (also known as Dalal Abuzayyad), STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS, ABDUL H. KAKAR, RONALD ACERO, MIGUEL ALVARADO, RAYMOND AMADSO, MARJAN AMIRIDAVANI, JEFFREY AMO, DAVID ANAYA, TONNY ANDES, BRYAN ANDRADE, NII OBLIE ARDAYFIO, FRED ASSI, JACOB BELMONTES, RAFAEL BERRIOS, CASEY BLACK, BRYAN BLUMENSHINE, ARCHIE BOOKER, MARVELL BOWLES, CASEY BROWN, DAVID BULLOCK, MICHAEL BURKE, JEREMIE BUTLER, DAVID BUTLER JR., ELEXIS BUTTER, JASON CAMPOS, YOLANDA CARBAJAL, GERMAIN CARRENO, RYAN CASH, OLIVER CAYTON, LADELL CLARK, KEITH CLEMENTS, BRYAN COLEMAN, RY AN COLLINS, PHYLLIS CONWAY, DOMENICA CORONEL, MIRIAM COURTNEY, EBONY COVINGTON, KELLY COX, DEANNA D'ADDARIO, DORY DALLUGGE, DAVID DAVIS JR., JACQUELINE DE PUCCI, JUAN DELGADO, ARNOLD DIAZ, ALEX DAI DO, MICHAEL DONG, CHRISTINE DONGELL, MOHAMED ELHOSAINY, NASHWA ELKHATTA, RANI ELSAADI, RODNEY ESPINAL, GABRIEL ESTRADA, NICHOLAS FENNESSY, NOEMI FLORES, TERESA FLORES, CHARLES FONSECA, JERED FRIEDLAND, SHAUNA FROST, LESLIE FUENTES, JUAN M. GALLEGOS, TINA GAMBRELL, BETTY GARY, AMANDEEP GILL, CHARANPREET GILL, LOUIS GILSON, MIERAF GIRMA,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

CHRISTOPHER GOLDEN, ASHLEY GOMEZ, JIM GOMEZ, RYAN GONSALVES, RAYMOND GONZALES, JENNIFER GONZALEZ, CHRIS GRADO, KUMAYA GRANT, KELLY GRIFFIN, ANTHONY GUIDRY, HEATHER GUTIERREZ, YARA GUZMAN, ZULFIKHAR HAI, MAHRISSA HANSEN, STANLEY HANSEN, PAUL HANSEN-CUZICK, JASON G. HARRIS, ASIF HASSAN, ANDREW HEBENSTREIT, CHRISTOPHER HELDOORN, JANICE HEREDIA, JUAN HERNANDEZ, MICHAEL HERVILLA, KEVIN HO, LAM HOANG, DAVID HOBDY, AARON HODGES, EDIE HOGAN, PREVIN HOLLINGSWORTH, KAREN HOOK, KARL HORNE, LILLIAN HUANG, JONATHAN HUGGER, TAYLOR HUNT, BRIANA ISIDRO, JASON JACKSON, DANIEL JAMES, ELDRIDGE JOHNS, DANNIE JOHNSON, JEREMY JONES, MARCUS KAM, ERIK KARIBKHANYAN, HUY KIEU, KELLY KLOCKENTEGER, ADAM KOBI, JASON LAUTENSCHLEGER, BILLY LEI, SABRINA LEVENGOOD, MIGUEL LOPEZ, COLIN LOYD, DANIEL LUGIOYO, STEPHANIE LYNN, SUZETTE MAGGIORE, WASSIM MANAA, SHEENA MANIMTIM, CHRISTOPHER MANN, KURTIS MARTIN, CHRISTOPHER MARTINEZ, ELI MARTINEZ, MARIO MARTINEZ, CHRISTINA MATTHEWS, JAMIE MCKEE, KELLY MEDEIROS, ALBERTO MEDRANO, ANGELA MEISNER, VERONICA MENDOZA, LISA MEYER, TIMOTHY MEYER, ALFREDO MIRANDA, HESSAM MOHAMMADI, JOHN MOLLE, MARCO MONTES, DENISE MORGAN, BRADLEY MOTON, MARC MYERSON, TENIKA NELSON, RHIANNON NIX, ANTHONY NYSER, PATRICK OLIVA, CUONG ONG, ARMANDO ORTIZ, VANESSA ORTIZ, SUREN PLAVJIAN, GRANT POGHOSYAN, ALFONSO QUINTERO, JONATHAN QUINTERO, KHURAM RAJA, VANESSA RAMIREZ, SUKHCHAIN RANDHAWA, JASON RATZLAFF, JASON REYES, JEREMY RICHARDSON, HECTOR RIVERA, JOSE RODRIGUEZ, DALEN ROLFE, THOMAS ROMERO, CESAR RUIZ, HAMZA SABHA, OMAR SABHA,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

MELISSA SALCIDO, RAFAEL SALGADO, NICHOLAS SANTOS, ARIE SATARI, WALTER SCHOONMAKER, ERIC SCHUERMANN, AARON SCHULMAN, TAMARA SCOTT, AMBER SEGURA, GUY S. SENDELSKY, ABDULLAH SERHAL, TREVOR SHUFF, MARILYN SIMEON, BILLY SIMMS, CATHERINE SIMS, MIAH SIMS, TANYA SLANKARD, TIFFANY SMITH, FLORDELIZ SPARKS, CHRISTOPHER STEPHENS, JASON STRAND, TOMMY STYLES, MICHAEL SULLIVAN, JUBEDA SULTANA, JONATHAN TAM, SCOTT TANIMOTO, ISAAC TANNER, PHUONG TONG, ASHLEY TORRES, MARIO TORRES, WENDY TRAMMER, JOYCE TRAVIS, JAMALA VAIL, RUBEN VALDEZ, LISA VALLE, KEVIN VINCENT, MICHAEL VISCARA, CHEUK WAN, DIANE WASSERMAN, TIMOTHY WHICKER, TRIVAIRE WILLIAMS, MARIA WILSON, MEGAN WILSON, FRAZIER WONG, BODIE WOOD, I'LA WYLIE, SHIRZAD YAMINI, MAHBOD ZARGAR, JESUS ZEPEDA, PHYLLIS CONWAY, DAISHA JIMINEZ, and LORI DEILY, (hereinafter referred to as “Individual Plaintiffs”) are current and former hourly paid employees of Defendants AT&T MOBILITY SERVICES LLC (referred to herein as “AT&T”, “Defendant” or "AT&T Mobility") and DOES # 1-10 (the "Individual Defendants" and, collectively with AT&T, the "Defendants") in defendants' California locations . Individual plaintiffs allege that they are entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et *seq.*

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

## JURISDICTION, VENUE AND JOINDER

2. This action arises under 29 U.S.C. §216(b), the Fair Labor Standards Act (“FLSA”). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. The Central District of California, Southern Division has personal jurisdiction over the parties in this matter. Individual Plaintiffs are, and at all relevant times were, citizens of the State of California. Defendant AT&T MOBILITY SERVICES LLC, a Delaware Limited Liability Company, operates throughout the state of California, including in Orange County, and are registered as business entities engaged in commerce within the State of California with the California Secretary of State. Defendant is qualified to do business in California, have directors, officers and employees who reside in California, and has contracted with individuals in California for marketing, production, sales, distribution, and servicing of their wireless and mobile phone products. Defendant has mailing addresses at their retail stores throughout California, including stores in Orange County, in which numerous Plaintiffs worked at all relevant times herein. Additionally, Defendant has marketed their mobile phone and wireless services to California customers at retail stores throughout the state. The acts and omissions which are outlined in this Complaint, took place within the state of California.

4. Venue is proper in this district as Defendant has sufficient contacts with the State of California and the County of Orange sufficient to subject them to personal jurisdiction in this district pursuant to 28 U.S.C. §1391( c).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Joinder of Individual Plaintiffs in a single action is proper pursuant to Federal Rule of Civil Procedure 20(a)(1)(A) and (B)

7. "Relevant Period" for purposes of this action means 3 years prior to the filing of the original Complaint, in addition to any time tolled as a result of the dismissal of the *Zivali v. AT&T Mobility* case. Unless otherwise stated, all Plaintiffs in this action worked for Defendant during the Relevant Period.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

**THE PARTIES**

**Individual Plaintiffs**

8. Plaintiff DALAL ABEDRABO (also known as Dalal Abuzayyad beginning on or about May 2008) ("Abedrabo") was, at all relevant times, an adult individual, residing in Anaheim, California, County of Orange. Abedrabo was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Abedrabo is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action.

9. Plaintiff STEPHEN CORONADO ("Coronado") was, at all relevant times, an adult individual, residing in California, County of Orange. Currently, Coronado is a resident of Sevierville, Tennessee. Coronado was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Coronado is a former Retail Sales employee of Defendants from approximately 11/5/06 to about 5/6/11 in California and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. CORONADO alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, CORONADO alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

10. Plaintiff DAVID FLORES ("Flores") was, at all relevant times, an adult individual, residing in Anaheim, California, County of Orange. Flores was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Flores is a former Sales Representative employee of Defendants from approximately 10/2004 to the present

in store #S838 in California and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. FLORES alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, FLORES alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

11. Plaintiff BRIAN HICKS ("Hicks") was, at all relevant times, an adult individual, residing in Yorba Linda, California, County of Orange. Hicks was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Hicks is a former Sales Representative employee of Defendants from approximately 7/2006 to about 12/2008 at the Anaheim Hills and Brea locations and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. HICKS alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, HICKS alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

12. Plaintiff ABDUL H. KAKAR ("Kakar") was, at all relevant times, an adult individual, residing in Lake Forest, California, County of Orange. Kakar was

an employee, as defined by 29 U.S.C. §203(e) of Defendants. Kakar is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. KAKAR alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, KAKAR alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

13. Plaintiff SHANTAL CORRAL ("Corral") was, at all relevant times, an adult individual, residing in San Leandro, California. Corral was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Corral is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. CORRAL alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, CORRAL alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

14. Plaintiff RONALD ACERO ("Acero") was, at all relevant times, an adult individual, residing in Vallejo, California. Acero was an employee, as defined

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

by 29 U.S.C. §203(e) of Defendants. Acero is currently a Sales Representative employee of Defendants from approximately 9/6/2005 and during the relevant period, and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. ACERO alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, ACERO alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

15. Plaintiff MIGUEL ALVARADO ("Alvarado") was, at all relevant times, an adult individual, residing in Santa Clarita, California. Alvarado was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Alvarado is a former Retail Sales Consultant employee of Defendants who worked during the relevant period at the Santa Clarita location and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. ALVARADO alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, ALVARADO alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

16. Plaintiff RAYMOND AMADSO ("Amadso") was, at all relevant times, an adult individual, residing in La Puente, California. Amadso was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Amadso is a former Assistant Store Manager employee of Defendants from approximately 7/2006 to about 12/2008 in California and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. AMADSO alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, AMADSO alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

17. Plaintiff MARJAN AMIRIDAVANI ("Amiridavani") was, at all relevant times, an adult individual, residing in Woodland Hills, California. Amiridavani was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Amiridavani is currently an Assistant Store Manager employee of Defendants from approximately 11/2007 at the Burbank location and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. AMIRIDAVANI alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, AMIRIDAVANI alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

18. Plaintiff JEFFREY AMO ("Amo") was, at all relevant times, an adult individual, residing in Hayward, California. Amo was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 11/1/2007 and during the relevant period at retail store #S169 in California . Amo is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. AMO alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, AMO alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

19. Plaintiff DAVID ANAYA ("Anaya") was, at all relevant times, an adult individual, residing in Santa Cruz, California. Anaya is an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 2/14/04 to the present at the Capitola, California retail location. Anaya is currently a Retail Sales

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. ANAYA alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, ANAYA alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

20. Plaintiff TONNY ANDES ("Andes") was, at all relevant times, an adult individual, residing in Daly City, California. Andes was an employee, as defined by 29 U.S.C. §203(e) of Defendants during the relevant period at the Brentwood, California retail location. Andes is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

21. Plaintiff BRYAN ANDRADE ("Andrade") was, at all relevant times, an adult individual, residing in La Puente, California. Andrade was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 9/2007 to 12/2007

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
1830I VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

and during the relevant period in the El Monte Valley Mall retail location. Andrade is a former Wireless Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

22. Plaintiff NII OBLIE ARDAYFIO ("Ardayfio") was, at all relevant times, an adult individual, residing in El Sobrante, California. Ardayfio was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 2/2005 and during the relevant period at the Walnut Creek, California location. Ardayfio is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

23. Plaintiff FRED ASSI ("Assi") was, at all relevant times, an adult individual, residing in Tujunga, California. Assi was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 9/2008 to about 6/2010 and during the relevant period, at the Lancaster and Santa Clarita, California locations. Assi is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

24. Plaintiff JACOB BELMONTES ("Belmontes") was, at all relevant times, an adult individual, residing in Canoga Park, California. Belmontes was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 8/14/2006 to about 5/20/2010 and during the relevant period, at the Woodland Hills, California location. Belmontes is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

25. Plaintiff RAFAEL BERRIOS ("Berrios") was, at all relevant times, an adult individual, residing in Fairfield, California. Berrios was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 12/2007 to about 5/2008 and during the relevant period in the Union City, California location. Berrios is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

26. Plaintiff CASEY BLACK ("Black") was, at all relevant times, an adult individual, residing in Santa Barbara, California. Black was an employee, as defined by 29 U.S.C. §203(e) of Defendants. from approximately 4/2008 and during the relevant period in the La Cumbre Plaza, California location. Black is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

27. Plaintiff BRYAN BLUMENSHINE ("Blumenshine") was, at all relevant times, an adult individual, residing in Yorba Linda, California, County of Orange. Blumenshine was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately January 2005 to approximately April 2007 and during the relevant period at the La Habra, California location. Blumenshine is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

28. Plaintiff ARCHIE BOOKER ("Booker") was, at all relevant times, an adult individual, residing in Hayward, California. Booker was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 1/2005 to about 4/2007 and during the relevant period at the Fremont, California location. Booker is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

29. Plaintiff MARVELL BOWELS ("Bowels") was, at all relevant times, an adult individual, residing in Lincoln, California. Bowels was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 1/16/2004 to the present at retail store #S255 in California. Bowels is currently an Assistant Sales Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

30. Plaintiff CASEY BROWN ("Brown") was, at all relevant times, an adult individual, residing in Torrance, California. Brown was an employee, as defined by 29 U.S.C. §203(e) of Defendants beginning approximately 11/20067 and

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

during the relevant period at retail store #S678, PCH & Hawthorne in California. Brown is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

31. Plaintiff DAVID BULLOCK ("Bullock") was, at all relevant times, an adult individual, residing in Santa Monica, California. Bullock was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 12/1999 to about 12/2004 and during the relevant period at the Los Angeles, California location. Bullock is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
1830 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

32. Plaintiff MICHAEL BURKE ("Burke") was, at all relevant times, an adult individual, residing in Torrance, California. Burke was an employee, as defined by 29 U.S.C. §203(e) of Defendants from about 11/1993 to the present at the Manhattan Beach, California location. Burke is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

33. Plaintiff JEREMIE BUTLER ("Butler") was, at all relevant times, an adult individual, residing in Soulsbyville, California. Butler was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 2006-2007 and during the relevant period in the Merced, California location. Butler is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

34. Plaintiff DAVID BUTLER JR. ("Butler Jr.") was, at all relevant times, an adult individual, residing in Fair Oaks, California. Butler Jr. was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 12/1/2008 to about 4/16/2011 and during the relevant period at the Auburn and Citrus Heights, California locations. Butler Jr. is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

35. Plaintiff ELEXIS BUTTER ("Butter") was, at all relevant times, an adult individual, residing in Prather, California. Butter was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 2006 to 2007 and during the relevant period at the Merced, CA location. Butter is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which she was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

36. Plaintiff JASON CAMPOS ("Campos") was, at all relevant times, an adult individual, residing in Los Angeles, California. Campos was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 10/2005 to about 8/2010 and during the relevant period, at the Marina Del Rey, CA location. Campos is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

37. Plaintiff YOLANDA CARBAJAL ("Carbajal") was, at all relevant times, an adult individual, residing in Santa Maria, California, County of Orange. Carbajal was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 7/2007 to about 11/2009 and during the relevant period at the Santa Maria, CA location. Carbajal is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which she was prohibited from recording on her time record, thus receiving no pay.

38. Plaintiff GERMAIN CARRENO ("Carreno") was, at all relevant times, an adult individual, residing in Palmdale, California. Carreno was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 1999-2007 at the Stevenson Ranch, CA location. Carreno is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

39. Plaintiff RYAN CASH ("Cash") was, at all relevant times, an adult individual, residing in Simi Valley, California. Cash was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 3/2002 to about 2/2008 at the Beverly Center, CA location Cash is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

40. Plaintiff OLIVER CAYTON ("Cayton") was, at all relevant times, an adult individual, residing in El Sonante, California. Cayton was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 7/2009 to the present. Cayton is currently an Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on her time record, thus receiving no pay.

41. Plaintiff LADELL CLARK ("Clark") was, at all relevant times, an adult individual, residing in Long Beach, California. Clark was an employee, as

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

defined by 29 U.S.C. §203(e) of Defendants from approximately 12/3/207 to about 6/27/2009 and during the relevant period at the Cerritos-South Street, California lociation. Clark is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

42. Plaintiff KEITH CLEMENTS ("Clements") was, at all relevant times, an adult individual, residing in Santa Rosa, California. Clements was an employee, as defined by 29 U.S.C. §203(e) of Defendants beginning in approximately 2007 and during the relevant period at the Petaluma, CA location. Clements is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

43. Plaintiff BRYAN COLEMAN ("Coleman") was, at all relevant times, an adult individual, residing in Los Angeles, California. Coleman was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 8/2008 to about 9/2010 and during the relevant period at the Marina Del Rey, CA location. Coleman is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

44. Plaintiff RYAN COLLINS ("Collins") was, at all relevant times, an adult individual, residing in Valencia, California. Collins was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 8/10/2009 to the present at the Santa Clarita, CA location. Collins is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

45. Plaintiff PHYLLIS CONWAY ("Conway") was, at all relevant times, an adult individual, residing in Los Angeles, California. Conway was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 1/27/1994 to about 1/20/2011 at the West Los Angeles, CA location. Conway is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

46. Plaintiff DOMENICA CORONEL ("Coronel") was, at all relevant times, an adult individual, residing in Long Beach, California. Coronel was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 11/2004 to 11/2007 and during the relevant period at the Belmont Shores, CA location. Coronel is a former Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

47. Plaintiff MIRIAM COURTNEY ("Courtney") was, at all relevant times, an adult individual, residing in Victorville, California. Courtney was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 4/2005 to 8/2009 at the Victorville, CA location. Courtney is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

48. Plaintiff EBONY COVINGTON ("Covington") was, at all relevant times, an adult individual, residing in Long Beach, California. Covington was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 7/2006 to 9/2008 at the Lakewood, CA location. Covington is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

49. Plaintiff KELLY COX ("Cox") was, at all relevant times, an adult individual, residing in Palo Alto, California. Cox was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 8/2007 to 3/2009 and during the relevant period at store #S144 in California. Cox is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

50. Plaintiff DEANNA D'ADDARIO ("D'Addario") was, at all relevant times, an adult individual, residing in Saugus, California. D'Addario was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 8/2008 to the present at the Santa Clarita, CA location. D'Addario is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

51. Plaintiff DORY DALLUGE ("Dalluge") was, at all relevant times, an adult individual, residing in Thousand Oaks, California. Dalluge was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 1/2006 to 4/2007 and during the relevant period at the Santa Barbara, CA location. Dalluge is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which hse believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

52. Plaintiff DAVID DAVIS JR. ("Davis") was, at all relevant times, an adult individual, residing in California. Currently, Davis is a resident of Elmira, New York. Davis was an employee, as defined by 29 U.S.C. §203(e) of Defendants beginning in 2007 and during the relevant period at the Vista, CA location. Davis is a former Sales Representative employee of Defendants and regularly worked more

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

53. Plaintiff JACQUELINE DE PUCCI ("De Pucci") was, at all relevant times, an adult individual, residing in South San Francisco, California. De Pucci was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately 11/2007 to the present at retail store #S137 in CA. De Pucci is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

54. Plaintiff JUAN DELGADO ("Delgado") was, at all relevant times, an adult individual, residing in Santa Ana, California, County of Orange. Delgado was an employee, as defined by 29 U.S.C. §203(e) of Defendants from approximately

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

2003-2004 and during the relevant period at the Santa Ana, Orange, Santa Fe Springs and Montebello, CA locations. Delgado is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

55. Plaintiff ARNOLD DIAZ ("Diaz") was, at all relevant times, an adult individual, residing in Los Angeles, California. Diaz was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/2007 to the present at retail store #S901 in CA. Diaz is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

from recording this time worked on his time record.

56. Plaintiff ALEX DAI DO ("Do") was, at all relevant times, an adult individual, residing in Rowland Heights, California. Do was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 4/17.2004 to the present at the West Covina, CA location. Do is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

57. Plaintiff MICHAEL DONG ("Dong") was, at all relevant times, an adult individual, residing in San Ramon, California. Dong was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2/2003 to 4/2009 and during the relevant period at retail store #S177 and S173 in CA. Dong is a former Lead Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

58. Plaintiff CHRISTINE DONGELL ("Dongell") was, at all relevant times, an adult individual, residing in Christine Dongell, California, County of Orange. Dongell was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 12/2008 and during the relevant period at the Dana Point, CA location. Dongell is a former Retail Customer Service Representative employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

59. Plaintiff MOHAMED ELHOSAINY ("Elhosainy") was, at all relevant times, an adult individual, residing in Irvine, California, County of Orange. Elhosainy was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2007 to 8/2009 and during the relevant period at the Chino Spectrum, CA location. Elhosainy is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

60. Plaintiff NASHWA ELKHATTA ("Elkhatta") was, at all relevant times, an adult individual, residing in Irvine, California, County of Orange. Elkhatta was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 3/2007 to 4/2007 and during the relevant period at the La Habra, CA location. Elkhatta is a former Home Solution Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

61. Plaintiff RANI ELSAADI ("Elsaadi") was, at all relevant times, an adult individual, residing in Los Angeles, California. Elsaadi was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/31/2004 and during the relevant period at the Ladera Heights, CA location. Elsaadi is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further,

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

62. Plaintiff RODNEY ESPINAL ("Espinal") was, at all relevant times, an adult individual, residing in Los Angeles, California. Espinal was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/17/2007 to 9/2008 and during the relevant period at the Pasadena, Foothill Blvd. location in CA. Espinal is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

63. Plaintiff GABRIEL ESTRADA ("Estrada") was, at all relevant times, an adult individual, residing in Laguna Hills, California, County of Orange. Estrada was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2007 to

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

99/2009 and during the relevant period at the South Coast, CA location. Estrada is a former Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

64. Plaintiff NICHOLAS FENNESSY ("Fennessy") was, at all relevant times, an adult individual, residing in Santa Fe Springs, California, County of Orange. Fennessy was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 4/2007 to 8/2007 and during the relevant period at the Goleta CA location. Fennessy is a former Assistant Store Manager/Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

65. Plaintiff NOEMI FLORES ("N. Flores") was, at all relevant times, an adult individual, residing in Modesto, California. N. Flores was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 4/11/2004 to the present at store #S260 in California. N. Flores is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

66. Plaintiff TERESA FLORES ("T. Flores") was, at all relevant times, an adult individual, residing in Los Angeles, California. T. Flores was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2005 to 8/2010 at the Torrance, CA location. T. Flores is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

67. Plaintiff CHARLES FONSECA ("Fonseca") was, at all relevant times, an adult individual, residing in Fairfax, California from 8/2004 to 12/2010 at the San Rafael and Corte Madera, CA locations. Fonseca was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Fonseca is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

68. Plaintiff JERED FRIEDLAND ("Friedland") was, at all relevant times, an adult individual, residing in Los Angeles, California. Friedland was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2007 to 1/2010 and during the relevant period at the Beverly Plaza, CA location. Friedland is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

69. Plaintiff SHAUNA FROST ("Frost") was, at all relevant times, an adult individual, residing in Auburn, California. Frost was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/4/2007 to 6/24/2010 and during the relevant period at the Auburn, CA location. Frost is a former Retail Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

70. Plaintiff LESLIE FUENTES ("Fuentes") was, at all relevant times, an adult individual, residing in Pittsburg, California. Fuentes was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2004 to the present at the Pleasant Hill, CA locaiton. Fuentes is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

71. Plaintiff JUAN M. GALLEGOS ("Gallegos") was, at all relevant times, an adult individual, residing in Windsor, California from 2004 to 2005 and during the relevant period at the Santa Rosa Market Place, CA location. Gallegos was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Gallegos is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

72. Plaintiff THEODORE GALLO ("Gallo") was, at all relevant times, an adult individual, residing in Camarillo, California. Gallo was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2007 to 1/2011 and during the relevant period at the Woodland Hills, CA location. Gallo is a former employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

73. Plaintiff TINA GAMBRELL ("Gambrell") was, at all relevant times, an adult individual, residing in Fairfield, California. Gambrell was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/1/2000 and during the relevant period at the Vallejo, CA location. Gambrell is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

74. Plaintiff BETTY GARY ("Gary") was, at all relevant times, an adult individual, residing in Tulare, California. Gary was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/1999 to the present at the Visalia, CA location. Gary is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

75. Plaintiff AMANDEEP GILL ("A. Gill") was, at all relevant times, an adult individual, residing in Northridge, California from 2004 to the present at the Los Angeles, CA location. A. Gill was an employee, as defined by 29 U.S.C. §203(e) of Defendants. A. Gill is currently a Retail Account Executive employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

76. Plaintiff CHARANPREET GILL ("C. Gill") was, at all relevant times, an adult individual, residing in Northridge, California from 11/12/2004 to the present in California. C. Gill was an employee, as defined by 29 U.S.C. §203(e) of Defendants. C. Gill is currently a Retail Account Executive employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

77. Plaintiff LOUIS GILSON ("Gilson") was, at all relevant times, an adult individual, residing in Vacaville, California. Gilson was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 4/2002 to 4/2009 and during the relevant period at the Dana Pointe, CA location. Gilson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

78. Plaintiff MIERAF GIRMA ("Girma") was, at all relevant times, an adult individual, residing in Elk Grove, California . Girma was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/1999 to 6/2010 and during the relevant period at the W. Stockton Blvd., Ca location. Girma is a former Communication Specialist employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

79. Plaintiff CHRISTOPHER GOLDEN ("Golden") was, at all relevant times, an adult individual, residing in Compton, California. Golden was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2004 to 2/2008 and during the relevant period at the Marina Del Rey, CA location. Golden is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

80. Plaintiff ASHLEY GOMEZ ("A. Gomez") was, at all relevant times, an adult individual, residing in Whittier, California, County of Orange. A. Gomez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/6/2007 to

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

6/21/2011 and during the relevant period at the Whittier, CA location. A. Gomez is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

81. Plaintiff JIM GOMEZ ("J. Gomez") was, at all relevant times, an adult individual, residing in Ventura, California. J. Gomez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2004 to 2008 and during the relevant period at the Ventura Mall, CA location. J. Gomez is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

82. Plaintiff RYAN GONSALVES ("Gonsalves") was, at all relevant times, an adult individual, residing in Concord, California. Gonsalves was an

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2006 to 3/2011 at the Pleasant Hill, CA location. Gonsalves is a former Assistant Sales Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

83. Plaintiff RAYMOND GONZALES ("Gonzales") was, at all relevant times, an adult individual, residing in Irvine, California, County of Orange. Gonzales was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2/2007 to 3/2008 and during the relevant period at the Woodbury, CA location. Gonzales is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Plaintiff JENNIFER GONZALEZ ("Gonzalez") was, at all relevant times, an adult individual, residing in Los Angeles, California. Gonzalez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 12/2007 and during the relevant period at the Westwood, CA location. Gonzalez is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges she was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges she was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of her work hours and for which she was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, she was required to work beyond her scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on her time record.

84. Plaintiff CHRIS GRADO ("Grado") was, at all relevant times, an adult individual, residing in San Francisco, California. Grado was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2006 to the present at the San Francisco (Union Street), CA location. Grado is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record.

85. Plaintiff KUMAYA GRANT ("Grant") was, at all relevant times, an adult individual, residing in Vallejo, California, County of Orange. Grant was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2006 to the present at the Oakland (Lakeshore), CA location. Grant is currently an Assistant Sales Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

86. Plaintiff KELLY GRIFFIN ("Griffin") was, at all relevant times, an adult individual, residing in El Sobrante, California. Griffin was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 5/2007 to 8/2007 at the San Francisco (Market Street), CA location. Griffin is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges he was required by the employer to work through meal

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

breaks without recording that time on their time record. Further, Plaintiff alleges he was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of his work hours and for which he was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, he was required to work beyond his scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on his time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which he was prohibited from recording on his time record, thus receiving no pay.

87. Plaintiff ANTHONY GUIDRY ("Guidry") was, at all relevant times, an adult individual, residing in San Rafael, California. Guidry was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 7/6/2006 to 5/2009 at the San Rafael, CA location. Guidry is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

88. Plaintiff HEATHER GUTIERREZ ("Gutierrez") was, at all relevant times, an adult individual, residing in Santa Maria, California. Gutierrez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2004 to 9/2007 and during the relevant period at the Lake Forest, CA location. Gutierrez is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

89. Plaintiff YARA GUZMAN ("Guzman") was, at all relevant times, an adult individual, residing in Santa Ana, California, County of Orange. Guzman was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2005 to the present. Guzman is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

90. Plaintiff ZULFIKHAR HAI ("Hai") was, at all relevant times, an adult individual, residing in South San Francisco, California. Hai was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/28/2001 to the present in California. Hai is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

91. Plaintiff MAHRISSA HANSEN ("Hansen") was, at all relevant times, an adult individual, residing in Valencia, California. M. Hansen was an employee,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

as defined by 29 U.S.C. §203(e) of Defendants from 10/2005 to the present at the Valencia, CA location. M. Hansen is currently a Financial Representative employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

92. Plaintiff STANLEY HANSEN ("S. Hansen") was, at all relevant times, an adult individual, residing in California. Currently, S. Hansen is a resident of Albuquerque, New Mexico. S. Hansen was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2006 to 10/2009 and during the relevant period at the San Jacinto, CA location. S. Hansen is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

93. Plaintiff PAUL HANSEN-CUZICK ("Hansen-Cuzick") was, at all relevant times, an adult individual, residing in Los Angeles, California. Hansen-Cuzick was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 12/2006 to 3/2007 and during the relevant period in California. Hansen-Cuzick is a former Retail Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

94. Plaintiff JASON G. HARRIS ("Harris") was, at all relevant times, an adult individual, residing in Los Angeles, California. Harris was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2006 and during the relevent

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

period at the Culver City, CA location. Harris is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

95. Plaintiff ASIF HASSAN ("Hassan") was, at all relevant times, an adult individual, residing in Fairfield, California. Hassan was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/1/2007 and during the relevant period in California. Hassan is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

96. Plaintiff ANDREW HEBENSTREIT ("Hebenstreit") was, at all relevant times, an adult individual, residing in California. Currently, Hebenstreit is a resident of Englewood, Colorado. Hebenstreit was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/2005 to 11/2008 and during the relevant period at the Ladera Ranch, CA location. Hebenstreit is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

97. Plaintiff CHRISTOPHER HELDOORN ("Heldoorn") was, at all relevant times, an adult individual, residing in California. Currently, Heldoorn is a resident of Arlington, Texas. Heldoorn was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2006 to 2011 and during the relevant period at the San

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Clemente, CA location. Heldoorn is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

98. Plaintiff JANICE HEREDIA ("Heredia") was, at all relevant times, an adult individual, residing in San Leandro, California. Heredia was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Heredia is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

99. Plaintiff JUAN HERNANDEZ ("Hernandez") was, at all relevant times, an adult individual, residing in Vallejo, California. Heredia was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 3/19/2003 to the present at store #S176 in CA. Heredia is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

100. Plaintiff MICHAEL HERVILLA ("Hervilla") was, at all relevant times, an adult individual, residing in Fort Bragg, California. Hervilla was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2008 to 8/2009 and during the relevant period at the Fort Bragg, CA location. Hervilla is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

101. Plaintiff KEVIN HO ("Ho") was, at all relevant times, an adult individual, residing in San Dimas, California. Ho was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ho is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

time record, thus receiving no pay.

102. Plaintiff LAM HOANG ("Hoang") was, at all relevant times, an adult individual, residing in Rosemead, California. Hoang was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2005 to the present and during the relevant period at the La Verne and Brea, CA locations. Hoang is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

103. Plaintiff DAVID HOBDY ("Hobdy") was, at all relevant times, an adult individual, residing in Livermore, California. Hobdy was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/21/2004 and during the relevant period at store #S166 in CA. Hobdy is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but

HUNT ORTMAN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

104. Plaintiff AARON HODGES ("Hodges") was, at all relevant times, an adult individual, residing in Panorama City, California. Hodges was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/10/2009 and during the relevant period at the North Hollywood, CA location. Hodges is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

105. Plaintiff EDI HOGAN ("Hogan") was, at all relevant times, an adult individual, residing in Downey, California. Hogan was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2004 to 9/2007 at the Del Amo Fashion Center (Torrance), CA location. Hogan is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

106. Plaintiff PREVIN HOLLINGSWORTH ("Hollingsworth") was, at all relevant times, an adult individual, residing in Elk Grove, California. Hollingsworth was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2006 to 6/2011 and during the relevant period at the W. Stockton Blvd., CA location. Hollingsworth is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to,

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
1830I VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

107. Plaintiff KAREN HOOK ("Hook") was, at all relevant times, an adult individual, residing in California. Currently, Hook is a resident in Albuquerque, New Mexico. Hook was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2006 to 8/2008 and during the relevant period at the Seal Beach and Costa Mesa, CA locations. Hook is a former Sales Representative and Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

108. Plaintiff KARL HORNE ("Horne") was, at all relevant times, an adult individual, residing in Oakland, California. Horne was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/2007 to 8/2009 and during the relevant period at the Oakland (Lakeshore), CA location. Horne is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

109. Plaintiff LILLIAN HUANG ("Huang") was, at all relevant times, an adult individual, residing in San Francisco, California. Huang was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2007 to 7/2010 and during the relevant period at the Daly City, CA location. Huang is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager

inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

110. Plaintiff JONATHAN HUGGER ("Hugger") was, at all relevant times, an adult individual, residing in Saugus, California. Hugger was an employee, as defined by 29 U.S.C. §203(e) of Defendants during the relevant period at the Valencia and Northridge, CA locations. Hugger is a former Assistant Manager and Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

111. Plaintiff TAYLOR HUNT ("Hunt") was, at all relevant times, an adult individual, residing in Moorpark, California. Hunt was an employee, as defined by

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

29 U.S.C. §203(e) of Defendants from 2/2005 to 9/2010 and during the relevant period at the Simi Valley and Thousand Oaks, CA locations. Hunt is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

112. Plaintiff BRIANA ISIDRO ("Isidro") was, at all relevant times, an adult individual, residing in Watsonville, California. Isidro was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2007 to 9/2009 at the Capitola, CA location. Isidro is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

113. Plaintiff JASON JACKSON ("Jackson") was, at all relevant times, an adult individual, residing in Beverly Hills, California. Jackson was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 5/16/2004 to 7/4/2011 and during the relevant period at store #S823 in CA. Jackson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

114. Plaintiff DANIEL JAMES ("James") was, at all relevant times, an adult individual, residing in Yorba Linda, California, County of Orange. James was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2006-2009 and during the relevant period at the Laguna Niguel, CA location. James is a former

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
1830 I VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

115. Plaintiff ELDRIDGE JOHNS ("Johns") was, at all relevant times, an adult individual, residing in Los Banos, California. Johns was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/26/2007 to 12/18/2008 and during the relevant period at the Modesto, CA location . Johns is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

116. Plaintiff DANNIE JOHNSON ("Johnson") was, at all relevant times, an adult individual, residing in Fairfield, California. Johnson was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2/2004 to 12/2009 and during the relevant period at the Vallejo and Vacaville, CA locations. Johnson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action.

117. Plaintiff JEREMY JONES ("Jones") was, at all relevant times, an adult individual, residing in Los Angeles, California. Jones was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 6/2007 and during the relevant period at the Glendale, CA location. Jones is a former Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

time record, thus receiving no pay.

118. Plaintiff MARCUS KAM ("Kam") was, at all relevant times, an adult individual, residing in Richmond, California. Kam was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 7/2006 to 1/2009 and during the relevant period at the Union City, CA location. Kam is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

119. Plaintiff ERIK KARIBKHANYAN ("Karibkhanyan") was, at all relevant times, an adult individual, residing in Tujunga, California. Karibkhanyan was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 2006 – 2007 and during the relevant period at the Studio City CA location. Karibkhanyan is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

120. Plaintiff HUY KIEU ("Kieu") was, at all relevant times, an adult individual, residing in Garden Grove, California, County of Orange. Kieu was an employee, as defined by 29 U.S.C. §203(e) of Defendants during the relevant period in California. Kieu is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

121. Plaintiff KELLY KLOCKENTEGER ("Klockenteger") was, at all relevant times, an adult individual, residing in Victorville, California. Klockenteger was an employee, as defined by 29 U.S.C. §203(e) of Defendants during the relevant period in California. Klockenteger is a former employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

pay.

122. Plaintiff ADAM KOBI ("Kobi") was, at all relevant times, an adult individual, residing in Calabasas, California. Kobi was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 12/2006 to 8/2009 and during the relevant period at the Woodland Hills, CA location. Kobi is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

123. Plaintiff JASON LAUTENSCHLEGER ("Lautenschleger") was, at all relevant times, an adult individual, residing in Los Angeles, California. Lautenschleger was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/2/2003 to the present at store #S823 in CA. Lautenschleger is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

124. Plaintiff BILLY LEI ("Lei") was, at all relevant times, an adult individual, residing in San Francisco, California. Lei was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2007 to 4/2010 and during the relevant period in California. Lei is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

125. Plaintiff SABRINA LEVENGOOD ("Levengood") was, at all relevant times, an adult individual, residing in Vacaville, California. Levengood was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 3/2002 to the present at the Vallejo, CA location. Levengood is currently an Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

126. Plaintiff MIGUEL LOPEZ ("Lopez") was, at all relevant times, an adult individual, residing in South Gate, California. Lopez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 9/2008 to 2/2009 and during the relevant period at the Huntington Park, CA location. Lopez is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

127. Plaintiff COLIN LOYD ("Loyd") was, at all relevant times, an adult individual, residing in Riverbank, California. Loyd was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 5/1/2006 to the present at the Sonosa, CA location. Loyd is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

128. Plaintiff DANIEL LUGIOYO ("Lugioyo") was, at all relevant times, an adult individual, residing in Huntington Beach, California, County of Orange.

Lugioyo was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 3/1/2003 and during the relevant period at store #S692 in CA. Lugioyo is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

129. Plaintiff STEPHANIE LYNN ("Lynn") was, at all relevant times, an adult individual, residing in Rohnert Park, California. Lynn was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 7/27/2004 to 6/16/2011 and during the relevant period at the Santa Rosa, CA location. Lynn is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

130. Plaintiff SUZETTE MAGGIORE ("Maggiore") was, at all relevant times, an adult individual, residing in San Luis Obispo, California. Maggiore was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 4/1/2004 to 5/12/2010 and during the relevant period at the San Luis Obispo location in CA. Maggiore is a former Assistant Retail Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.Plaintiff WASSIM MANAA ("Manaa") was, at all relevant times, an adult individual, residing in Los Angeles, California. Manaa was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/2005 to 12/2010 and during the relevant period at the Beverly Hills, CA location. Manaa is a former Retail Sales

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

131. Plaintiff SHEENA MANIMTIM ("Manimtim") was, at all relevant times, an adult individual, residing in Los Angeles, California. Manimtim was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 11/2006 to 8/2007 and during the relevant period at the Beverly Hills, CA location. Manimtim is a former Home Solutions Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

132. Plaintiff CHRISTOPHER MANN ("Mann") was, at all relevant times, an adult individual, residing in Chatsworth, California. Mann was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2004 to 1/2007 and during the relevant period at the Northridge, CAlocation. Mann is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

133. Plaintiff KURTIS MARTIN ("Martin") was, at all relevant times, an adult individual, residing in Carson, California. Martin was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/2005 to 5/2007 and during the relevant period at the Rosecrans and Hawthorne, CA locations. Martin is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

134. Plaintiff CHRISTOPHER MARTINEZ ("C. Martinez") was, at all relevant times, an adult individual, residing in San Pedro, California. C. Martinez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/2006 to the present at the Torrance, CA location. C. Martinez is currently a Retail Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

135. Plaintiff ELI MARTINEZ ("E. Martinez") was, at all relevant times, an adult individual, residing in Modesto, California. E. Martinez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 10/17/2007 and during the relevant period at store #S260 in CA. E. Martinez is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

136. Plaintiff MARIO MARTINEZ ("M. Martinez") was, at all relevant times, an adult individual, residing in Commerce, California. M. Martinez was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/2004 to 12/2007 at the Fullerton, CA location. M. Martinez is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

137. Plaintiff CHRISTINA MATTHEWS ("Matthews") was, at all relevant times, an adult individual, residing in Calabasas, California. Matthews was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/2006 to 8/2009 and during the relevant period at the Thousand Oaks, CA location. Matthews is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

138. Plaintiff JAMIE MCKEE ("Mckee") was, at all relevant times, an adult individual, residing in Riverbank, California. Mckee was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 8/25/2004 to 1/11/11 and during the relevant period at the Modesto and Manteca, CA locations. Mckee is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

139. Plaintiff KELLY MEDEIROS ("Medeiros") was, at all relevant times, an adult individual, residing in Elk Grove, California. Medeiros was an employee, as defined by 29 U.S.C. §203(e) of Defendants from 1/16/2007 to 9/30/2011 and during the relevant period at the Modesto, CA location. Medeiros is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

140. Plaintiff ALBERTO MEDRANO ("Medrano") was, at all relevant times, an adult individual, residing in Antioch, California. Medrano was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Medrano is currently a Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

141. Plaintiff ANGELA MEISNER ("Meisner") was, at all relevant times, an adult individual, residing in Ventura, California. Meisner was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Meisner is currently a Sales

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

142. Plaintiff VERONICA MENDOZA ("Mendoza") was, at all relevant times, an adult individual, residing in Santa Ana, California, County of Orange. Mendoza was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Mendoza is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

143. Plaintiff LISA MEYER ("L. Meyer") was, at all relevant times, an adult individual, residing in West Covina, California. L. Meyer was an employee, as defined by 29 U.S.C. §203(e) of Defendants. L. Meyer is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

144. Plaintiff TIMOTHY MEYER ("T. Meyer") was, at all relevant times, an adult individual, residing in Orangevale, Calfornia. T. Meyer was an employee, as defined by 29 U.S.C. §203(e) of Defendants. T. Meyer is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

145. Plaintiff ALFREDO MIRANDA ("Miranda") was, at all relevant times, an adult individual, residing in Downey, California. Miranda was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Miranda is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

146. Plaintiff HESSAM MOHAMMADI ("Mohammadi") was, at all relevant times, an adult individual, residing in Irvine, California, County of Orange.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

MOHAMMADI was an employee, as defined by 29 U.S.C. §203(e) of Defendants. MOHAMMADI is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

147. Plaintiff JOHN MOLLE ("Molle") was, at all relevant times, an adult individual, residing in Tustin, California, County of Orange. Molle was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Molle is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

148. Plaintiff MARCO MONTES ("Montes") was, at all relevant times, an adult individual, residing in Linden, California. Montes was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Montes is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

149. Plaintiff DENISE MORGAN ("Morgan") was, at all relevant times, an adult individual, residing in Victorville, California. Morgan was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Morgan is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

150. Plaintiff BRADLEY MOTON ("Moton") was, at all relevant times, an adult individual, residing in Lake Forest, California, County of Orange. Moton was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Moton is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

151. Plaintiff MARC MYERSON ("Myerson") was, at all relevant times, an adult individual, residing in Chatsworth, California. Myerson was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Myerson is a former Business Account Fix employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

152. Plaintiff TENIKA NELSON ("Nelson") was, at all relevant times, an adult individual, residing in Granada Hills, California. Nelson was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Nelson is a former Senior Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

153. Plaintiff RHIANNON NIX ("Nix") was, at all relevant times, an adult individual, residing in Elk Grove, California. Nix was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Nix is a former Customer Service employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

154. Plaintiff ANTHONY NYSER ("Nyser") was, at all relevant times, an adult individual, residing in Pittsburg, California. Nyser was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Nyser is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

155. Plaintiff PATRICK OLIVA ("Oliva") was, at all relevant times, an adult individual, residing in Anaheim, California, County of Orange. Oliva was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Oliva is currently an Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

from recording on plaintiff's time record, thus receiving no pay.

156. Plaintiff CUONG ONG ("Ong") was, at all relevant times, an adult individual, residing in Monterey Park, California. Ong was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ong is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

157. Plaintiff ARMANDO ORTIZ ("A. Ortiz") was, at all relevant times, an adult individual, residing in San Leandro, California. A. Ortiz was an employee, as defined by 29 U.S.C. §203(e) of Defendants. A. Ortiz is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

158. Plaintiff VANESSA ORTIZ ("V. Ortiz") was, at all relevant times, an adult individual, residing in Covina, California. V. Ortiz was an employee, as defined by 29 U.S.C. §203(e) of Defendants. V. Ortiz is currently an Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

159. Plaintiff SUREN PLAVJIAN ("Plavjian") was, at all relevant times, an adult individual, residing in Arleta, California. Plavjian was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Plavjian is a former Assistant Manager/Retail Sales Consultant employee of Defendants and regularly worked

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

160. Plaintiff GRANT POGHOSYAN ("Poghosyan") was, at all relevant times, an adult individual, residing in Tujunga, California. Poghosyan was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Poghosyan is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

161. Plaintiff ALFONSO QUINTERO ("A. Quintero") was, at all relevant times, an adult individual, residing in Lakewood, California. Quintero was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Quintero is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

162. Plaintiff JONATHAN QUINTERO ("J. Quintero") was, at all relevant times, an adult individual, residing in Salinas, California. J. Quintero was an employee, as defined by 29 U.S.C. §203(e) of Defendants. J. Quintero is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

163. Plaintiff KHURAM RAJA ("Raja") was, at all relevant times, an adult individual, residing in Manteca, California. Raja was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Raja is a former Cotaspect employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

164. Plaintiff VANESSA RAMIREZ ("Ramirez") was, at all relevant times, an adult individual, residing in Van Nuys, California. Ramirez was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ramirez is a former Assistant

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action.

165. Plaintiff SUKHCHAIN RANDHAWA ("Randhawa") was, at all relevant times, an adult individual, residing in Yuba City, California. Randhawa was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Randhawa is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

166. Plaintiff JASON RATZLAFF ("Ratzlaff") was, at all relevant times, an adult individual, residing in Los Angeles, California. Ratzlaff was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ratzlaff is currently an Assistant Sales Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

167. Plaintiff JASON REYES ("Reyes") was, at all relevant times, an adult individual, residing in Cypress, California. Reyes was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Reyes is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

168. Plaintiff JEREMY RICHARDSON ("Richardson") was, at all relevant times, an adult individual, residing in Rancho Cordova, California. Richardson was

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

an employee, as defined by 29 U.S.C. §203(e) of Defendants. Richardson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

169. Plaintiff HECTOR RIVERA ("Rivera") was, at all relevant times, an adult individual, residing in Garden Grove, California, County of Orange. Rivera was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Rivera is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

170. Plaintiff JOSE RODRIGUEZ ("Rodriguez") was, at all relevant times, an adult individual, residing in Fullerton, California, County of Orange. Rodriguez was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Heredia is a former Senior Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

171. Plaintiff DALEN ROLFE ("Rolfe") was, at all relevant times, an adult individual, residing in Watsonville, California. Rolfe was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Heredia is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

172. Plaintiff THOMAS ROMERO ("Romero") was, at all relevant times, an adult individual, residing in Waterford, California. Romero was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Romero is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

173. Plaintiff CESAR RUIZ ("Ruiz") was, at all relevant times, an adult individual, residing in Downey, California. Ruiz was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ruiz is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

174. Plaintiff HAMZA SABHA ("H. Sabha") was, at all relevant times, an adult individual, residing in La Palma, California, County of Orange. H. Sabha was an employee, as defined by 29 U.S.C. §203(e) of Defendants. H. Sabha is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

175. Plaintiff OMAR SABHA ("O. Sabha") was, at all relevant times, an adult individual, residing in La Palma, California, County of Orange. O. Sabha was an employee, as defined by 29 U.S.C. §203(e) of Defendants. O. Sabha is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

176. Plaintiff MELISSA SALCIDO ("Salcido") was, at all relevant times, an adult individual, residing in Merced, California. Salcido was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Salcido is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

177. Plaintiff RAFAEL SALGADO ("Salgado") was, at all relevant times, an adult individual, residing in Santa Ana, California, County of Orange. Salgado was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Salgado is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

prohibited from recording on plaintiff's time record, thus receiving no pay.

178. Plaintiff NICHOLAS SANTOS ("Santos") was, at all relevant times, an adult individual, residing in Redding, California. Santos was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Santos is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

179. Plaintiff ARIE SATARI ("Satari") was, at all relevant times, an adult individual, residing in Arcadia, California. Satari was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Satari is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

180. Plaintiff WALTER SCHOONMAKER ("Schoonmaker") was, at all relevant times, an adult individual, residing in El Cerrito, California. Schoonmaker was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Schoonmaker is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

181. Plaintiff ERIC SCHUERMANN ("Schuermann") was, at all relevant times, an adult individual, residing in Pomona, California. Schuermann was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Schuermann is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

182. Plaintiff AARON SCHULMAN ("Schulman") was, at all relevant times, an adult individual, residing in Santa Barbara, California. Schulman was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Schulman is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

183. Plaintiff TAMARA SCOTT ("Scott") was, at all relevant times, an adult individual, residing in Inglewood, California. Scott was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Scott is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

184. Plaintiff AMBER SEGURA ("Segura") was, at all relevant times, an adult individual, residing in Watsonville, California. Segura was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Segura is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

185. Plaintiff GUY S. SENDELSKY ("Sendelsky") was, at all relevant times, an adult individual, residing in Santa Monica, California. Sendelsky was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Sendelsky is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

186. Plaintiff ABDULLAH SERHAL ("Serhal") was, at all relevant times, an adult individual, residing in Brea, California, County of Orange. Serhal was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Serhal is a former Sales

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

187. Plaintiff TREVOR SHUFF ("Shuff") was, at all relevant times, an adult individual, residing in Costa Mesa, California, County of Orange. Shuff was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Shuff is a former Sales Associate employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further,

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

188. Plaintiff MARILYN SIMEON ("Simeon") was, at all relevant times, an adult individual, residing in Union City, California. Simeon was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Simeon is a former Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

189. Plaintiff BILLY SIMMS ("Simms") was, at all relevant times, an adult individual, residing in Hawthorne, California. Simms was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Simms is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

190. Plaintiff CATHERINE SIMS ("C. Sims") was, at all relevant times, an adult individual, residing in Redding, California. C. Sims was an employee, as defined by 29 U.S.C. §203(e) of Defendants. C. Sims is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

191. Plaintiff MIAH SIMS ("M. Sims") was, at all relevant times, an adult individual, residing in Berkeley, California. M. Sims was an employee, as defined

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

by 29 U.S.C. §203(e) of Defendants. M. Sims is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

192. Plaintiff TANYA SLANKARD ("Slankard") was, at all relevant times, an adult individual, residing in Valencia, California. Slankard was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Slankard is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

193. Plaintiff TIFFANY SMITH ("Smith") was, at all relevant times, an adult individual, residing in Baypoint, California. Smith was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Smith is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

194. Plaintiff FLORDELIZ SPARKS ("Sparks") was, at all relevant times, an adult individual, residing in Daly City, California. Sparks was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Sparks is a former employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

195. Plaintiff CHRISTOPHER STEPHENS ("Stephens") was, at all relevant times, an adult individual, residing in California. Currently, Stephens is a resident of Fairview, Oregon. Stephens was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Stephens is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

196. Plaintiff JASON STRAND ("Strand") was, at all relevant times, an adult individual, residing in Ripon, California. Strand was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Strand is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

197. Plaintiff TOMMY STYLES ("Styles") was, at all relevant times, an adult individual, residing in Burbank, California. Styles was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Styles is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

198. Plaintiff MICHAEL SULLIVAN ("Sullivan") was, at all relevant times, an adult individual, residing in Folsom, California. Sullivan was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Sullivan is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

199. Plaintiff JUBEDA SULTANA ("Sultana") was, at all relevant times, an adult individual, residing in Canoga Park, California. Sultana was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Sultana is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

200. Plaintiff JONATHAN TAM ("Tam") was, at all relevant times, an adult individual, residing in Millbrae, California. Tam was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Tam is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

recording on plaintiff's time record, thus receiving no pay.

201. Plaintiff SCOTT TANIMOTO ("Tanimoto") was, at all relevant times, an adult individual, residing in Santa Barbara, California. Tanimoto was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Tanimoto is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

202. Plaintiff ISAAC TANNER ("Tanner") was, at all relevant times, an adult individual, residing in Daly City, California. Tanner was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Tanner is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

203. Plaintiff PHUONG TONG ("Tong") was, at all relevant times, an adult individual, residing in Vallejo, California. Tong was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Tong is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

204. Plaintiff ASHLEY TORRES ("A. Torres") was, at all relevant times, an adult individual, residing in Concord, California. A. Torres was an employee, as defined by 29 U.S.C. §203(e) of Defendants. A. Torres is currently an Assistant Store Manager employee of Defendants and regularly worked more than 40 hours

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

205. Plaintiff MARIO TORRES ("M. Torres") was, at all relevant times, an adult individual, residing in Downey, California. M. Torres was an employee, as defined by 29 U.S.C. §203(e) of Defendants. M. Torres is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

206. Plaintiff WENDY TRAMMER ("Trammer") was, at all relevant times, an adult individual, residing in Redondo Beach, California. Trammer was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Trammer is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

207. Plaintiff JOYCE TRAVIS ("Travis") was, at all relevant times, an adult individual, residing in Redding, California. Travis was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Travis is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries,

customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

208. Plaintiff JAMALA VAIL ("Vail") was, at all relevant times, an adult individual, residing in Victorville, California. Vail was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Vail is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

209. Plaintiff RUBEN VALDEZ ("Valdez") was, at all relevant times, an adult individual, residing in Gilroy, California. Valdez was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Valdez is a former Retail Sales Consultant

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

210. Plaintiff LISA VALLE ("Valle") was, at all relevant times, an adult individual, residing in Downey, California. Valle was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Valle is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

211. Plaintiff KEVIN VINCENT ("Vincent") was, at all relevant times, an adult individual, residing in Modesto, California. Vincent was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Vincent is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

212. Plaintiff MICHAEL VISCARA ("Viscara") was, at all relevant times, an adult individual, residing in Salinas, California. Viscara was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Viscara is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

213. Plaintiff CHEUK WAN ("Wan") was, at all relevant times, an adult individual, residing in Santa Clara, California. Wan was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Wan is a former employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

214. Plaintiff DIANE WASSERMAN ("Wasserman") was, at all relevant times, an adult individual, residing in Westlake, California. Wasserman was an

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

employee, as defined by 29 U.S.C. §203(e) of Defendants. Wasserman is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

215. Plaintiff TIMOTHY WHICKER ("Whicker") was, at all relevant times, an adult individual, residing in Tracy, California. Whicker was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Whicker is currently an Assistant Store Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

216. Plaintiff TRIVAIRE WILLIAMS ("Williams") was, at all relevant times, an adult individual, residing in Canoga Park, California. Williams was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Williams is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

217. Plaintiff MARIA WILSON ("Wilson") was, at all relevant times, an adult individual, residing in Victorville, California. Wilson was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Wilson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further,

Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

218. Plaintiff MEGAN WILSON was, at all relevant times, an adult individual, residing in Manchester, California. Megan Wilson was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Megan Wilson is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

219. Plaintiff FRAZIER WONG ("Wong") was, at all relevant times, an adult individual, residing in Daly City, California. Wong was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Wong is currently a Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

220. Plaintiff BODIE WOOD ("Wood") was, at all relevant times, an adult individual, residing in Adelanto, California. Wood was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Wood is a former Retail Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

221. Plaintiff I'LA WYLIE ("Wylie") was, at all relevant times, an adult individual, residing in Modesto, California. Wylie was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Wylie is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

222. Plaintiff SHIRZAD YAMINI ("Yamini") was, at all relevant times, an adult individual, residing in Reseda, California. Yamini was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Yamini is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

223. Plaintiff MAHBOD ZARGAR ("Zargar") was, at all relevant times, an adult individual, residing in Los Angeles, California. Zargar was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Zargar is a former Sales Representative employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

from recording on plaintiff's time record, thus receiving no pay.

224. Plaintiff JESUS ZEPEDA ("Zepeda") was, at all relevant times, an adult individual, residing in Santa Monica, California. Zepeda was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Zepeda is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

225. Plaintiff ROBERT FLEK ("Flek") was, at all relevant times, an adult individual, residing in Orangevale, California. Flek was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Flek is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which

plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

226. Plaintiff VINCENT ORTIZ ("Ortiz") was, at all relevant times, an adult individual, residing in Los Angeles, California. Ortiz was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Ortiz is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

227. Plaintiff JEREMY FARINAS ("Farinas") was, at all relevant times, an adult individual, residing in San Pedro, California. Farinas was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Farinas is a former Retail Sales Consultant employee of Defendants and regularly worked more than 40 hours per

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

228. Plaintiff IRIS L. CURIEL ("Curiel") was, at all relevant times, an adult individual, residing in California. Currently, Curiel is a resident of Phoenix, Arizona. Curiel was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Curiel is a former employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

229. Plaintiff GEORGE TOMICH ("Tomich") was, at all relevant times, an adult individual, residing in Los Angeles, California. Tomich was an employee, as defined by 29 U.S.C. §203(e) of Defendants. Tomich is a former Assistant Manager employee of Defendants and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

230. Plaintiff JEREMY DUNLAP ("Dunlap") was, at all relevant times, an adult individual, residing in Granada Hills, California. Dunlap was an employee, as defined by 29 U.S.C. §203(e) of Defendant. Dunlap is a former employee of Defendant and regularly worked more than 40 hours per week for which he believes he was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

231. Plaintiff PHYLLIS CONWAY ("Conway") was, at all relevant times, an adult individual residing in Los Angeles, California. Conway was an employee, as defined by 29 U.S.C. §203(e) of Defendant. Conway is a former employee of Defendant and regularly worked more than 40 hours per week for which she believes she was not paid wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

232. Plaintiff DAISHA JIMENEZ ("Jimenez") was, at all relevant times, an adult individual, residing in Long Beach, California. Jimenez was an employee, as defined by 29 U.S.C. §203(e) of Defendant. Jimenez is a former Sales

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Representative employee of Defendant and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

Plaintiff LORI DEILY ("Deily") was, at all relevant times, an adultindividual, residing in Hayward, California. Deily was an employee, as defined by 29 U.S.C. §203(e) of Defendant. Deily is currently a Sales Support Representative employee of Defendant and regularly worked more than 40 hours per week for which she believes she was not paid overtime wages during the time at issue in this action. Plaintiff alleges plaintiff was required by the employer to work through meal breaks without recording that time on their time record. Further, Plaintiff alleges plaintiff was required by Defendants daily to perform work off-the-clock which includes, but is not limited to, responding to email, texts, manager inquiries, customer inquiries, and phone calls outside of plaintiff's work hours and for which plaintiff was not paid. Further, when Plaintiff was scheduled to either open or close the retail store, plaintiff was required to work beyond plaintiff's scheduled hours in order to complete the mandated tasks yet was prohibited by Defendants from recording this time worked on plaintiff's time record. Further, Plaintiff was frequently required to

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

hold and/or participate in conference calls and training sessions after normal working hours and for which plaintiff was prohibited from recording on plaintiff's time record, thus receiving no pay.

233. Upon information and belief, Defendant AT&T Mobility Services LLC is a foreign corporation authorized to do business within the State of New York with operating facilities in this district and throughout the United States, including in the State of California.

234. Upon information and belief, Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

## STATEMENT OF FACTS

235. Defendant AT&T Mobility Services LLC ("AT&T Mobility" or "AT&T") is the wholly owned wireless subsidiary of Defendant AT&T Inc. and is the successor to Cingular. AT&T Mobility is the largest mobile phone company in the country, if not the world, with approximately 74.9 million U.S. subscribers. AT&T Mobility owns and/or operates approximately 1,800 wireless stores in more than 1,100 cities across the U.S., most all of which have at least one if not more assistant managers along with other nonexempt employees who are required to work over forty hours per week for which they are not paid overtime compensation as required by the FLSA.

236. Plaintiffs were employed by AT&T in various sales positions in AT&T stores in the County of Orange and throughout California. Throughout the relevant time period, Plaintiffs were provided with an AT&T Blackberry and/or wireless telephone and were required to review and respond to AT&T work related emails

and text messages at all hours of the day, whether or not they were punched into AT&T's computer-based timecard system. Plaintiffs were also required to take and place telephone calls to other AT&T personnel and customers relating to store staffing, sales, discounting of merchandise, customer satisfaction concerns and other AT&T business concerns. Plaintiffs were required to participate on frequent conference calls which were held outside of their normally scheduled business hours (during which they were not "punched-in" to the AT&T timesheet program) and they were often required to work while they were "punched out" for lunch and to perform other work for AT&T outside their normal forty (40) hour work week, for which they were not paid any compensation.

237. In addition to requiring plaintiffs to review and respond to emails and texts, to take and place telephone calls and to participate on conference calls outside of normal business hours, plaintiffs were also required to review voluminous corporate and product information and to prepare for special events, such as the launch of each generation of the iPhone and to perform general work for Defendant. Members of the Plaintiff Sub Class were further required to open and close retail store locations while they were not punched into Defendants' timesheet system. Plaintiffs who were scheduled to open and/or close retail locations were required to perform mandatory tasks prior to or after the store hours. Plaintiffs were not provided sufficient scheduled time by Defendants to perform these mandatory tasks and were not permitted to record time spent on these tasks beyond or prior to their scheduled shifts. Plaintiffs were required to perform much of this work outside of their normally-scheduled work hours and they received no compensation for the hours that they worked for Defendant over forty-hours per week.

238. While Plaintiffs were classified as non-exempt hourly employees, they were typically required to spend 10-15 hours per week reviewing and responding to email, texts, phone calls, participating on conference calls, studying/reviewing product information and corporate policies and performing other work for

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

Defendant for which they were not paid any compensation.

239. Throughout the relevant time period, Plaintiffs were required to respond to emails, texts, phone calls, participate on conference calls and to review AT&T materials on their days off of work and at times that they were not "punched in" to the AT&T timesheet program. Because they were not punched into the timesheet program, Plaintiffs did not receive regular wages or overtime compensation for work performed.

240. Plaintiffs were directed to punch out of the time sheet system for lunch breaks and after 8 hour shifts, but were systematically encouraged and expected to continue working beyond these shifts and on days off. Plaintiffs were informed by Defendant's management employees that they had to accept working the extra hours as this was a part of AT&T's standard business practices and that they were not allowed to put in for overtime for such work performed outside of regularly scheduled business hours.

241. Throughout the relevant period, Plaintiffs frequently were required to pick up lunch and immediately return to the AT&T store and continued to work throughout their "lunch break," notwithstanding the fact that Defendant required them and/or their managers to record a 30 minute "lunch period" on their time records, resulting in Plaintiffs not being paid for time worked during lunch breaks.

242. Plaintiffs were required to work for Defendant well in excess of forty (40) hours per week, frequently requiring Plaintiffs to work from ten to twenty (10-20) hours of overtime per week without any additional regular or overtime compensation.

243. Plaintiffs' work was performed in the normal course of the Defendant's business and was integrated into the business of Defendant. The work performed by Plaintiffs required little skill and no capital investment.

244. Plaintiffs did not supervise other employees and their job duties did not include managerial responsibilities or the exercise of independent business

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

judgment.

245. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff's compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times her regular hourly rate in violation of the FLSA.

246. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendant employed Plaintiffs, the Defendant failed to maintain accurate and sufficient time records to reflect all of the hours that Plaintiffs worked.

**FIRST CAUSE OF ACTION**

**(FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *et seq.*)**

247. Plaintiffs, collectively and individually, hereby re-allege and incorporate by reference paragraphs 1-246 as though fully set forth herein.

248. At all relevant times Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

249. At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs within the meaning of the FLSA.

250. Upon information and belief, at all relevant times, the Defendant has had gross revenues well in excess of $500,000.00.

251. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forth (40) hours per week.

252. At all relevant times, the Defendant had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

253. Plaintiffs are entitled to be paid minimum wage and/or overtime compensation for all overtime hours worked.

254. As a result of the Defendant's willful failure to compensate its employees, including Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *el seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

255. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *el seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

256. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

257. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from Defendant their unpaid wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**<u>SEECOND CAUSE OF ACTION</u>**

**(Declaratory Relief)**

258. Plaintiffs hereby re-allege Paragraphs 1 through 257 of this Complaint as if fully set forth herein.

259. An actual controversy has arisen between Plaintiffs , on the one hand, and Defendants, on the other hand, relating to the following matters:

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

a. Whether the practices complained of herein are unlawful under the FLSA;

b. What amounts Plaintiffs are entitled to receive in overtime pay;

c. Plaintiffs further seek entry of a declaratory judgment against defendants and in Plaintiffs' favor which declares Defendants' practices as heretofore alleged to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendant to Plaintiff and the Plaintiff Class and Sub Class.

**THIRD CAUSE OF ACTION**

**(For An Accounting)**

260. Plaintiffs hereby incorporate by reference Paragraphs 1 through 259 above as if fully set forth herein.

261. Plaintiffs are owed wages which equal the sum of the overtime compensation, and premium pay not paid by Defendants to Plaintiffs , statutory interest on such compensation, and each of them, and liquidated damages.

262. Plaintiffs do not know the precise amount of compensation due to Plaintiffs . Upon information and belief, Plaintiffs allege that Defendants possess records from which the amount of compensation due to Plaintiffs and to each member of the Plaintiff .

263. Because Defendants alone possesses records from which the amount of compensation due and owing to each member of the Plaintiffs, there is no adequate remedy at law and an accounting is necessary.

**PRAYER FOR RELIEF**

**FIRST CAUSE OF ACTION**

WHEREFORE, Plaintiffs, individually, respectfully request that this Court grant the following relief:

a. An order tolling the statute of limitations;

b. A declaratory judgment that the practices complained of herein are

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

unlawful under the FLSA;

c. Appropriate equitable and injunctive relief to remedy Defendants' violations of federal law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

d. An award of unpaid minimum wages, wages for all hours worked and overtime compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

**SECOND CAUSE OF ACTION**

a. For Declaratory Judgment.

**THIRD CAUSE OF ACTION**

a. For an accounting.

**ALL CAUSES OF ACTION**

a. An award of prejudgment and post-judgment interest;

b. An award of costs and expenses of this action together with reasonable attorneys' fees under all applicable statutes, and;

c. Such other and further relief as this Court deems just and proper.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

DATED: March 16, 2012

Respectfully submitted,

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.

By: ______________________
KATHERINE J. ODENBREIT
Attorneys for Plaintiffs DALAL ABEDRABO (also known as Dalal Abuzayyad), STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

DATED: March 16, 2012

Respectfully submitted,

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.

By: [signature]
KATHERINE J. ODENBREIT
Attorneys for Plaintiffs DALAL ABEDRABO (also known as Dalal Abuzayyad), STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax 714-251-5111