Omel A. Nieves, Esq., SBN 134444
  nieves@huntortmann.com
Katherine J. Odenbreit, Esq., SBN 184619
  odenbreit@huntortmann.com
Alison Gibbs, Esq., SBN 257526
  gibbs@huntortmann.com
HUNT ORTMANN PALFFY NIEVES
DARLING & MAH, INC.
301 N. Lake Avenue, 7th Floor
Pasadena, CA 91101
Phone:  626-440-5200     Fax:  626-796-0107

Attorneys for Plaintiffs DALAL ABEDRABO (also known
as Dalal Abuzayyad), ET. AL.

Wendy A. Sugg, SBN 223335
  wsugg@crowell.com
CROWELL & MORING, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone:  949-798-1369 Fax: 949-263-8414

Attorneys for Defendant

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DALAL ABEDRABO, STEPHEN CORONADO, SHANTAL CORRAL, DAVID FLORES, BRIAN HICKS and ABDUL H. KAKAR, RONALD ACERO, MIGUEL ALVARADO, RAYMOND AMADSO, MARJAN AMIRIDAVANI, JEFFREY AMO, DAVID ANAYA, TONNY ANDES, BRYAN ANDRADE, NII OBLIE ARDAYFIO, FRED ASSI, JACOB BELMONTES, RAFAEL BERRIOS, CASEY BLACK, BRYAN BLUMENSHINE, ARCHIE BOOKER, MARVELL BOWLES, CASEY BROWN, DAVID BULLOCK, MICHAEL BURKE, JEREMIE BUTLER, DAVID BUTLER JR., ELEXIS BUTTER, JASON CAMPOS, YOLANDA CARBAJAL, GERMAIN CARRENO, RYAN CASH, OLIVER CAYTON, LADELL CLARK, KEITH CLEMENTS, BRYAN COLEMAN, RYAN COLLINS, PHYLLIS CONWAY, DOMENICA CORONEL, MIRIAM COURTNEY, EBONY | Case No. SACV 11-01388 VAP (OPx) **JOINT STIPULATION FOR ORDER APPROVING SETTLEMENT AGREEMENT, ENTRY TO JUDGMENT AND FOR DISMISSAL OF INDIVIDUAL PLAINTIFFS' CLAIMS WITH PREJUDICE** Date:       July 29, 2013 Time:       2:00 p.m. Place:      Courtroom 2 |

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1  COVINGTON, KELLY COX,
DEANNA D'ADDARIO, DORY
2  DALLUGGE, DAVID DAVIS JR.,
JACQUELINE DE PUCCI, JUAN
3  DELGADO, ARNOLD DIAZ, ALEX
DAI DO, MICHAEL DONG,
4  CHRISTINE DONGELL, MOHAMED
ELHOSAINY, NASHWA
5  ELKHATTA, RANI ELSAADI,
RODNEY ESPINAL, GABRIEL
6  ESTRADA, NICHOLAS FENNESSY,
NOEMI FLORES, TERESA FLORES,
7  CHARLES FONSECA, JERED
FRIEDLAND, SHAUNA FROST,
8  LESLIE FUENTES, JUAN M.
GALLEGOS, THEODORE GALLO,
9  TINA GAMBRELL, BETTY GARY,
AMANDEEP GILL, CHARANPREET
10  GILL, LOUIS GILSON, MIERAF
GIRMA, CHRISTOPHER GOLDEN,
11  ASHLEY GOMEZ, JIM GOMEZ,
RYAN GONSALVES, RAYMOND
12  GONZALES, JENNIFER GONZALEZ,
CHRIS GRADO, KUMAYA GRANT,
13  KELLY GRIFFIN, ANTHONY
GUIDRY, HEATHER GUTIERREZ,
14  YARA GUZMAN, ZULFIKHAR HAI,
MAHRISSA HANSEN, STANLEY
15  HANSEN, PAUL HANSEN-CUZICK,
JASON G. HARRIS, ASIF HASSAN,
16  ANDREW HEBENSTREIT,
CHRISTOPHER HELDOORN,
17  JANICE HEREDIA, JUAN
HERNANDEZ, MICHAEL
18  HERVILLA, KEVIN HO, LAM
HOANG, DAVID HOBDY, AARON
19  HODGES, EDIE HOGAN, PREVIN
HOLLINGSWORTH, KAREN HOOK,
20  KARL HORNE, LILLIAN HUANG,
JONATHAN HUGGER, TAYLOR
21  HUNT, BRIANA ISIDRO, JASON
JACKSON, DANIEL JAMES,
22  ELDRIDGE JOHNS, DANNIE
JOHNSON, JEREMY JONES,
23  MARCUS KAM, ERIK
KARIBKHANYAN, HUY KIEU,
24  KELLY KLOCKENTEGER, ADAM
KOBI, JASON LAUTENSCHLEGER,
25  BILLY LEI, SABRINA
LEVENGOOD, MIGUEL LOPEZ,
26  COLIN LOYD, DANIEL LUGIOYO,
STEPHANIE LYNN (PANOSKI),
27  SUZETTE MAGGIORE, WASSIM
MANAA, SHEENA MANIMTIM,
28  CHRISTOPHER MANN, KURTIS

MARTIN, CHRISTOPHER
MARTINEZ, ELI MARTINEZ,
MARIO MARTINEZ, CHRISTINA
MATTHEWS, JAMIE MCKEE,
KELLY MEDEIROS, ALBERTO
MEDRANO, ANGELA MEISNER,
VERONICA MENDOZA, LISA
MEYER, TIMOTHY MEYER,
HESSAM MOHAMMADI, JOHN
MOLLE, MARCO MONTES, DENISE
MORGAN, BRADLEY MOTON,
MARC MYERSON, TENIKA
NELSON, RHIANNON NIX,
ANTHONY JOHNSON-NYSER,
PATRICK OLIVA, CUONG ONG,
ARMANDO ORTIZ, VANESSA
ORTIZ, SUREN PLAVJIAN, GRANT
POGHOSYAN, ALFONSO
QUINTERO, JONATHAN
QUINTERO, KHURAM RAJA,
VANESSA RAMIREZ, SUKHCHAIN
RANDHAWA, JASON RATZLAFF,
JASON REYES, JEREMY
RICHARDSON, HECTOR RIVERA,
JOSE RODRIGUEZ, DALEN ROLFE,
THOMAS ROMERO, CESAR RUIZ,
HAMZA SABHA, OMAR SABHA,
MELISSA SALCIDO, RAFAEL
SALGADO, NICHOLAS SANTOS,
ARIE SATARI, WALTER
SCHOONMAKER, ERIC
SCHUERMANN, AARON
SCHULMAN, TAMARA SCOTT,
AMBER SEGURA, GUY S.
SENDELSKY, ABDULLAH SERHAL,
TREVOR SHUFF, MARILYN
SIMEON, BILLY SIMMS,
CATHERINE SIMS, MIAH SIMS,
TANYA SLANKARD, TIFFANY
SMITH, FLORDELIZ SPARKS,
CHRISTOPHER STEPHENS, JASON
STRAND, TOMMY STYLES,
MICHAEL SULLIVAN, JUBEDA
SULTANA, JONATHAN TAM,
SCOTT TANIMOTO, ISAAC
TANNER, PHUONG TONG, ASHLEY
TORRES, MARIO TORRES, WENDY
TRAMMER, JOYCE TRAVIS,
JAMALA VAIL, RUBEN VALDEZ,
LISA VALLE, KEVIN VINCENT,
MICHAEL VISCARA, CHEUK WAN,
DIANE WASSERMAN, TIMOTHY
WHICKER, TRIVAIRE WILLIAMS,
MARIA WILSON, MEGAN WILSON,
FRAZIER WONG, BODIE WOOD,

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1  I'LA WYLIE, SHIRZAD YAMINI,
2  MAHBOD ZARGAR, JESUS
   ZEPEDA, ROBERT FLEK, VINCENT
   ORTIZ, JEREMY FARINAS, IRIS L.
3  CURIEL, GEORGE TOMICH,
   JEREMY DUNLAP,  DAISHA
4  JIMINEZ, LORI DEILY, HECTOR
   HERNANDEZ, LEIVA (CASTRO)
5  VIRGINIA, REGINA BARRON,
   DEANNA ORTEGA, JENNIFER
6  SERRANO, JANET CARRILLO,
   SANDRA MEJORADO-RODRIGUEZ,
7  NAI SAEPHAN, HAMID AIMAQ,
   JOSE VELASQUEZ, AARON JUDD,
8  AARON PLACENCIA, RAY SHIH,
   CORINA MARTINEZ, EMILY
9  HENRY, YOUNG KIM, JUNER
   VALENCIA, ROBIN OEHRLEIN
10 (DeVADER), SHANI HAWKINS,
   ANGEL RUIZ, DAVID CARR,
11 WALTER BRIDGES, II, DARRION
   REYNOLDS, KIEEM BAKER,
12 DANIEL GRIJALVA, RAMIRO
   LOPEZ, PABLO DAVILA, RODIN
13 McNERNEY, EDUARDO
   CONTRERAS, MARK STEPHENS,
14 SHELVIN KOSHY, MICHAEL
   TRIEU, JERRON MITCHELL,
15 MONICA WRIGHT, ORLANDO
   SANTANA, IGOR BRENER,
16 SYDNEE MARTIN, RICKY DANG.
   KEISHA GERMAINE, STEVE CHOI,
17 PRISCILLA HERNANDEZ, MIGUEL
   G. LOPEZ, SINGH BALINDER,
18 THOMAS VILLA, JONJAQUES
   FAJARDO, RICHARD PURVES,
19 JONATHAN MANCHA, PATRICK
   KUCERA, RENE GUTIERREZ,
20 RICHARD MATLIN, JON GAVERO,
   LENNY WILLIAMS, SHANE
21 BURROWS, RANDY CARRILLO,
   BRIAN BELLEROSE, JUSTICE OJO,
22 LISSETTE GARCIA, IZABELLE
   PALOMINO, JOHN PAUL
23 MELENDRES, JAGDEEP SEKHON,
   MARCUS ROMERO, TYLER
24 LAUGHTER, CARLOS PERES,
   VANESSA CHERI GONZALES,
25 JONATHAN BARRERA, OSCAR
   VALLES, MICHELLE CRUZ,
26 RUSSELL GILLO, BRIAN DALTON,
   JESSE CYTRON, RICHARD
27 JIMENEZ, SUSAN MILAM,
   FREDDIE YOUNG, RAJ PONNIAH,
28 ALFREDO ROQUE, HAROLD SOTO,

560827.1 kjo 3732.010

JESSICA ROLLOLAZO, DANA
HOGAN, FRANCISCO GUITIERREZ,
FRANCIS BAKER, DAVID CARO-
GREENE, ERNESTO VASQUEZ,
IRVYN GAXIOLA, NOEMI
CAMPOS, FALLET ROCHA,
GERARDO ZAVALA,  ABRAHAM
GODINEZ, and SERGIO GUERRERO

     Plaintiffs,

     vs.

AT&T MOBILITY SERVICES LLC, a
Delaware Limited Liability Company
and DOES 1-10,

     Defendants.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

560827.1 kjo 3732.010

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

Plaintiffs DALAL ABEDRABO (also known as Dalal Abuzayyad), et al (the 313 plaintiffs listed in the above caption), in addition to the plaintiffs in the matter of *Khelghatian et al. v. AT&T Mobility LLC* whose cases were not filed with the Court but were included by the Parties in the Settlement (hereinafter collectively referred to as "Individual Plaintiffs"), and Defendant AT&T Mobility Services, LLC ("Defendant" or "AT&T"), by and through the undersigned counsel, file this Joint Stipulation for Approval of Settlement Agreement, Entry of Judgment and Dismissal of Plaintiffs' Individual Claims With Prejudice.[1]

## I.   **INTRODUCTION**

This is an action filed by 331 Individual Plaintiffs under the Fair Labor Standards Act ("FLSA")for alleged unpaid overtime wages.  Defendant denies and disputes liability, entitlement to damages, entitlement to liquidated damages, entitlement to recovery for a third year under the statute of limitations, and the timeliness of all or part of many Individual Plaintiffs' claims.  This is not a collective action or class action.  To provide finality of the issues for all concerned the Parties are submitting the Settlement Agreements to the Court for approval.

The declaration of Plaintiffs' counsel, Katherine J. Odenbreit (the "Odenbreit Declaration"), contains the financial terms of the Settlement and attaches the settlement documents.[2]  The Odenbreit Declaration is the subject of a Joint Motion for Filing Under Seal filed concurrently with this Motion.  If the Court grants the request to seal the Odenbreit Declaration, the Parties will lodge the documents with the Court for consideration in support of this request.

_____

[1] At all times herein, AT&T and the Individual Plaintiffs shall be collectively referred to as the "Parties."

[2] Specific citation to the Odenbreit Declaration has been omitted from this Stipulation as counsel for the Parties have signed this Stipulation and are subject to Federal Rule of Civil Procedure 11(b).

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

## II. __PROCEDURAL HISTORY__

Plaintiffs filed the original complaint on September 12, 2011, and a First Amended Complaint on September 27, 2011, in the United States District Court of California, Central District, Southern Division.  The complaints originally contained California class allegations which were later removed by way of a Second Amended Complaint.  This action, along with certain other pending individual FLSA actions against AT&T (by plaintiffs represented by separate counsel), were coordinated before this Court on February 2, 2012.  On March 8, 2013, Plaintiffs filed a Third Amended Complaint pursuant to a Stipulation and Order of the Court; the Third Amended Complaint added additional plaintiffs to the action.  (See Docket No. 45).[3]

The Parties engaged in ongoing, extensive information exchange lasting over a year.  The Parties negotiated an orderly and efficient method to conduct discovery for 331 individual plaintiffs.  The Parties decided on a mass individual action structure very similar to those utilized in mass tort actions.  For over eight months, counsel worked together to formulate mutually agreeable discovery questions in the form of Fact Sheets.  In addition, the Parties set forth the timing for service and response of discovery, each of the Parties' obligations with regard to discovery, and a structure for handling disputes.  These negotiations were extensive, requiring the Parties to engage in conference calls two to three times per month, each lasting more than an hour.  The culmination of the Parties' efforts was a Case Management Order ("CMO"), which incorporated the Fact Sheets.  (See Docket No. 34).  The Court approved the CMO with some modifications on March 22, 2013.

--------

[3] All but seventeen of the Individual Plaintiffs were part of the Third Amended Complaint.  The remaining 17 Plaintiffs originate from an additional complaint that was never filed with the Court due to the Parties' settlement.  These additional Plaintiffs' claims, however, are included in the Parties' settlement agreement.  The title of the action involving these 17 Plaintiffs is *Khelghatian et al. v. AT&T Mobility LLC.*

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

Throughout this process and in preparation for mediation, the Parties maintained a practice of voluntarily exchanging documents and information.  AT&T initially produced records for a sample of 25 plaintiffs chosen at random.  These records included, but were not limited to, timekeeping records, payroll records, personnel file documents, and phone records for sample plaintiffs' company-issued mobile devices ("COU devices"), showing times and dates of telephone calls, texts and emails.  The Parties considered these records important to establishing support or rebuttal to allegations of off-the-clock work.

AT&T also produced a detailed employment record for each Individual Plaintiff, which included the time period worked, the work time recorded in AT&T's timkeeping system on a weekly basis, rates of pay, and commission income during the time the Individual Plaintiff worked for AT&T in California.

Plaintiffs' counsel, recognizing that Plaintiff testimony is vital to establishing a claim for work performed off-the-clock, interviewed each Individual Plaintiff. Plaintiffs' counsel established a call center to contact and conduct interviews with each Individual Plaintiff and to obtain estimates of the time per week they each alleged to have worked off-the-clock, specific tasks performed while working off-the-clock, reasons for performing such work off-the-clock, details about the locations where they worked, and other relevant information.  During these initial interviews, Individual Plaintiffs were also asked to submit any documentation related to their employment with AT&T that would support their claims.  Each Individual Plaintiff's documents were reviewed, summarized, indexed and maintained in a document depository established for this case.  Each Individual Plaintiff's damages estimates were then entered into a database, maintained by paralegal staff.  Attorneys then reviewed interview notes and documents for each Individual Plaintiff in preparation for additional interviews.

Plaintiffs' counsel then conducted a second interview with each Individual Plaintiff to solidify the estimates provided.  This process was extremely labor

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

1  intensive as attorneys and their staff spent time extensively interviewing the

2  Individual Plaintiffs about their individual work experience with Defendant,

3  including details about the locations where they worked, their supervisors, policies

4  and practices, the specific tasks they alleged to have performed off-the-clock, and

5  the names of potential witnesses.  Plaintiffs' counsel also interviewed numerous

6  third party witnesses to corroborate the proferred factual allegations.

7       Plaintiffs' counsel then provided these estimates to AT&T, and they were

8  incorporated into a damages analysis spreadsheet, along with the detailed

9  information provided by AT&T regarding each Individual Plaintiff's work history.

10  This spreadsheet, which AT&T used without prejudice to its various defenses to

11  Individual Plaintiffs' claims, was used by the Parties to analyze the potential value

12  of each claim at mediation.  The Parties further spent many hours discussing and

13  refining the information so that it could be used in the course of mediation.

14  Throughout this process, however, AT&T denied any liability to the Individual

15  Plaintiffs.

16       On March 19, 2013, the Parties held a full-day mediation with retired

17  Superior Court Judge Ronald Sabraw.  By the end of the 10-hour mediation, the

18  Parties had not reached a settlement agreement.  Over the next three weeks, the

19  Parties continued settlement negotiations with the assistance of the mediator.  On or

20  about April 10, 2013, the Parties reached an agreement regarding the material terms

21  of a settlement.  Since that time, the Parties have worked diligently to memorialize

22  their agreement and finalize the individual settlement agreements.  The Parties also

23  worked together to establish a protocol for facilitating the execution of the

24  settlement agreements and payments to the Individual Plaintiffs.

25  **III.   <u>TERMS OF THE SETTLEMENT</u>**

26       The Parties have reached a settlement of this matter, the terms of which are

27  described below, but whose financial terms are set forth in the Declaration of

28  Katherine J. Odenbreit and exhibits thereto.  As indicated above, this Declaration is

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

the subject of a pending Motion to File Documents Under Seal filed simultaneously with this Stipulation.

**A.    Allocation of Individual Settlement Payments**

Pursuant to the settlement, Plaintiffs' counsel determined the allocation of the settlement proceeds to each Individual Plaintiff.  The method of allocation is set forth in general below with additional detail provided in the Odenbreit Declaration.

Plaintiffs' counsel first considered the estimated potential recovery for each Individual Plaintiff, as indicated above, and use the following parameters.

1.    Portion of Estimated Time Worked Off-the-Clock:

Plaintiffs' counsel took the estimates of time worked off-the-clock obtained from the Individual Plaintiffs, and it then calculated the dollar amount representing the portion of the Settlement Fund each estimated recovery represents, exclusive of fees and costs pursuant to individual retainer agreements with counsel ("Net Settlement Payment").  Plaintiffs' counsel then allocated monies according to this calculation, subject to the adjustments described below.  For each Individual Plaintiff, the Net Settlement Payment represents the actual payment he/she will receive under the settlement, with the exception of payroll reductions for the portion designated as wages.

2.    Maximum Payment:

The Settlement Agreement provides for a maximum Net Settlement Payment to any Individual Plaintiff, exclusive of attorneys' fees and costs.

3.    Minimum Payment:

The Settlement Agreement provides for a minimum Net Settlement Payment. The minimum payment was assigned to those Individual Plaintiff whose estimated claim falls below that figure (with the exception of those Individual Plaintiffs whose claim is likely to be barred altogether by the statute of limitations (see below)).

4.    Statute of Limitations Payment:

Even though certain Individual Plaintiffs' claims arguably are barred by the

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

statute of limitations (as explained below), in the interest of achieving a resolution of all 331 Individual Plaintiffs' claims, the Parties agreed to provide some consideration in exchange for a release of all potential claims even from those Individual Plaintiffs whose FLSA claims are time-barred.

The statute of limitations analysis was agreed upon by the parties. Most of the Individual Plaintiffs were opt-in plaintiffs involved in a prior action entitled *Zivali et al. v. AT&T Mobility Services LLC,* USDC Case No. 08CV10310 JSR (SDNY) (*"Zivali* Action"), which involved FLSA claims for off-the-clock work. The *Zivali* Action was de-certified on May 11, 2011. The Parties determined the statute of limitations for each Individual Plaintiff involved in the *Zivali* Action by taking the date the Individual Plaintiff filed a Consent to Join in the *Zivali* Action, going back 3 years from that date, then subtracting whatever time elapsed between the expiration of the equitable tolling period in place after the *Zivali* Action was de-certified and the date the Individual Plaintiff appeared in the Complaint in this matter.

5.      Attorney's Fees and Costs

Attorneys' fees and costs were assessed according to individual retainer agreements executed by and between each Individual Plaintiff and their counsel.[4] The amount of fees and costs allocated to each Individual Plaintiff was disclosed and agreed to in the individual settlement agreements.

_____

[4] Since these claims are brought on an individual basis and not as an FLSA collective action, attorneys' fees and costs are assessed pursuant to private agreement and not subject to the approval inquiry. *See Picerni v. Bilingual SEIT & Preschool, Inc.* (EDNY 2013), 12 Civ. 4938 (BMC); 2013 U.S. Dist. LEXIS 24622 *27-28 [In an individual FLSA settlement, unless there is a basis to presume conflict and antagonism between plaintiff and attorney, the basis upon which a fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.]

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

**B.** **Individual Settlement Agreements/Releases**

Each Individual Plaintiff was presented with a Confidential Settlement and Release Agreement ("Individual Settlement Agreement"), which contains the financial terms of each individual settlement as well as a general release (including a release under Section 1542 of the California Civil Code).[5]  The release does not prevent Individual Plaintiffs from pursuing claims that arise after the execution of the Settlement Agreement.[6]

Two Individual Plaintiffs signed slightly-revised releases.  They had each previously filed union grievances against AT&T.  For modified release preserves any rights and remedies stemming from these grievances.[7]

Plaintiffs' counsel's staff facilitated and monitored the sending and receiving of executed Individual Settlement Agreements and required tax forms.  Inquiries from Individual Plaintiffs were directed to attorneys who spent a significant amount of time explaining the terms of the settlement, scope of release and other issues.  In the end, all but three of the Individual Plaintiffs subject to this Settlement approved the terms of their individual settlement (including the release).  The remaining three Individual Plaintiffs are the following.

1.    One Plaintiff Declined Settlement

One Individual Plaintiff, Alfredo Miranda, has informed Plaintiffs' counsel he does not wish to participate in the settlement or pursue his alleged claims against

---

[5] The Release can be found in its entirety in the exhibits attached to the Declaration of Katherine J. Odenbreit, subject to a Motion to File Under Seal.

[6] Employees can waive federal employment law claims where consent is knowing and voluntary. *Bledsoe v. Palm Bch. Cty. Soil & Water,* 133 F.3d 816, 819 (11th Cir.1989) (General release arising from FLSA claims permitted); *Carter v. Anderson Merchandisers, et al.* 2010 U.S.Dist. LEXIS 55581 *33 (C.D.Cal.2010) (same).

[7] The slightly-modified release language for these two Individual Plaintiffs is also included in an exhibit to the Odenbreit Declaration.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

AT&T.  Mr. Miranda has requested and authorized Plaintiffs' counsel to seek a dismissal of his claims with prejudice.  Plaintiffs' counsel has filed this request with the Court.  (See Docket No. 53)

### 2.   One Individual Plaintiff Cannot Be Located

After diligent and extensive efforts, Plaintiffs' counsel is unable to locate one Individual Plaintiff.  Efforts to locate this Individual Plaintiff will be discussed further in Plaintiffs' counsel's Motion to Withdraw as Counsel, to be filed with the Court.

### 3.   One Individual Plaintiff Cannot Respond Timely

One Individual Plaintiff, Aaron Hodges, is reportedly in hospital and unable to execute an individual settlement agreement.  Prior this hospitalization, Mr. Hodges had confirmed his intent to participate in the settlement on the terms negotiated by Plaintiffs' counsel.  Therefore, the Parties will hold Mr. Hodges' distribution (and associated fees and costs) in escrow until Mr. Hodges or an appropriate designee signs his settlement agreement.

## IV.   STANDARD FOR APPROVAL OF THE SETTLEMENT AGREEMENTS

In assessing whether an FLSA private settlement is fair, the court determines whether there is a bona fide dispute as to the number of hours worked or the computation of pay.  *Picerni, supra* at 8; S*ims Housing Authority of City of El Paso,* 2011 WL 3862194 *6 (W.D.Tex.2011).[8]  Where disputes exist regarding the proper

---

[8] There is some disagreement among the district courts as to whether private FLSA settlements are even subject to approval or may be dismissed pursuant to Federal Rules of Civil Procedure Rule 41(a).  *See Picerni v. Bilingual SEIT & Preschool, Inc.,* 12CV4938 (BMC), 2013 WL 646649 (E.D.N.Y. Feb. 22, 2013); *Smith v. Tri-City Transmission Svc., Inc.,* 2:12CV01254, 2012 U.S. Dist. LEXIS 119428 (D.Ariz. Aug. 23, 2012);  *Dowling v. Emadco Disposal Svc., Inc.,* Case no. 1:11-CV-00139-LJO-SKO, 2011 U.S. Dist. LEXIS 53351 (E.D.Cal. May 17, 2011).  In
(footnote continued)

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

1  measure of damages, whether liquidated damages and/or three-year statute of

2  limitations applies and the amount of overtime hours actually worked by an

3  employee, there is a bona fide dispute under the FLSA. *McKeen-Chaplin v.*

4  *Franklin Amer. Mortgage Co.,* 2012 U.S. Dist. LEXIS 179635 *7. The fairness of

5  the settlement is determined by a finding it reflects a reasonable compromise over

6  the issues in dispute. *Artiaga, et al. v. Hutchins Drywall, Inc.,* 2011 U.S. Dist.

7  LEXIS 84007 * 3; *McKeen, supra.*

8       In this matter, Plaintiffs' counsel has obtained and submitted to AT&T an

9  estimate of the number of weekly overtime hours Individual Plaintiffs claim they

10 worked but for which they were not paid. AT&T denies all liability and does not

11 concede that the Individual Plaintiffs' estimates are valid or accurate. The Parties

12 disagree about whether Individual Plaintiffs performed work off-the-clock, the

13 amount of time, if any, spent working off-the-clock and whether AT&T is liable for

14 the alleged off-the-clock pay and to what extent. The Parties also disagree on

15 whether liquidated damages would be obtained and whether Individual Plaintiffs can

16 make the requisite showing necessary to obtain recovery for the third year of the

17 statute of limitations. These issues were hotly contested throughout this litigation

18 and discussed at length in mediation. *Id.* The Parties are well-versed in the others'

19 respective position and the issues remain contested to this day. This constitutes a

20 bona fide dispute.

21       As discussed above, the Parties engaged in extensive informal discovery and

22 participated in good faith in a mediation conducted by Judge Sabraw. The

23 settlement reflects a good faith resolution of the issues, and it includes payment for a

24 portion of liquidated damages and the third year of the statute of limitations. In

25 _____

26 an abundance of caution, AT&T has requested, and Individual Plaintiffs do not

27 oppose, submission of the Settlement Agreement for approval by the Court.

28

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

9

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

1  short, the Individual Settlement Payments represent a fair compromise to the

2  disputed issues and claims.

3       Therefore, the Parties respectfully request the Court approve the Settlement

4  and enter an Order dismissing all Individual Plaintiffs' claims with prejudice.

5  DATED: June 28, 2013              HUNT ORTMANN PALFFY
                                     NIEVES DARLING & MAH, INC.
6

7

8                                    By:  _____/s/ Katherine J. Odenbreit_____
9                                          KATHERINE J. ODENBREIT
                                     Attorneys for Plaintiffs DALAL ABEDRABO
10                                   (also known as Dalal Abuzayyad), ET. AL.

11
   DATED: June 28, 2013              CROWELL & MORING LLP
12

13

14                                   By:  _____/s/ Wendy A. Sugg_____
15                                         WENDY A. SUGG
                                     Attorneys for Defendant AT&T MOBILITY
16                                   SERVICES, LLC

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIP. FOR APPROVAL OF
SETTLEMENT AGREEMENT
CASE NO. 8:11-CV-01388-VAP-OP

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107